ORTON P. WARD, Appellant, against JAMES C. HAWS, Respondent.

APPEAL FROM THE DISTRICT COURT OF GOODHUE COUNTY.

In an action for an assault and battery, the Plaintiff alleged, as special damages, that he " was forced and obliged to pay and expend a large sum of money in and about endeavoring to be cured," &c. Upon the trial he proved by his physician that his (the physician's) services were worth six or seven dollars; that they had not been paid for by Plaintiff, but were charged to him. *Held* inadmissible under the complaint. The allegation that expenses had been *paid*, is not sustained by proof that they had been *incurred*, and not paid.

### Points and Authorities of Appellant.

I.—The Court below erred in admitting the testimony of Dr. Hawley as to the amount of his bill for medical services.

1st.—Because the allegation of special damages in the complaint is so indefinite and uncertain as to whom, as well as to the amount of money paid out and expended, that no evidence of any sum of money actually paid out and expended by the Plaintiff, in and about being cured, could have been admitted under it. 1 *Chitty's Pl.*, 399; 1 *Sand. Rep.*, 243, *C. N.*, 5; *Bul. Ni. Pri.*, 7.

2d.—Because there was no allegation that the Plaintiff had suffered damages on account of having incurred liabilities in and about endeavoring to be cured of said wound. 1 *Chitty's Pl.*, 396; 1 *Sand. Rep.*, 243; *C. N.*, 5; *Slack vs. Brown*, 13 *Wend.*, 390; *Vansantvoord's Pl.*, 316; *Bogert vs. Barkhalter*, 2 *Barb. S. Ch. Rep.*, 525; *Strange vs. Manning, et al.*, 12

*Wend.*, 64; 1 *Stephens' Nisi Prius*, 225; *Pritchel vs. Bowey*, 1 *Cromp. & Mason's Rep.*, 775.

Daniels & Grant, Counsel for Appellant.]

Warren Bristol, Counsel for Respondent.

*By the Court*—Flandrau, J.  The complaint was in the ordinary form for an assault and battery, and alleged by way of special damages, that " the said Plaintiff was forced and obliged .to, and necessarily did pay, lay out and expend a large sum of money in and about endeavoring to be cured of the wound, sickness, soreness," &c.  On the trial, after prov- ing the assault and the battery, the Plaintiff called as a wit- ness the physician who had dressed his wound, and propound- ed to him this question :

" What is the amount of your bill against the Plaintiff for your services, occasioned by such wound ?"

The question was objected to as irrelevant and immaterial, but the Court allowed the witness to answer, and he said his services were worth six or seven dollars, and were not paid by the Plaintiff, but were charged against him on his books.

The jury found a verdict for the Plaintiff on the whole case, the amount of which does not in any manner appear in the papers furnished the Court, which omission would justify us in holding the damages to have been nominal only, had the re- spondent made the point ; but as the argument proceeded upon the fact, as stated by both counsel, that the damages were some seventy or eighty dollars, (I cannot distinctly remember the amount,) we will accept their admissions for the record.

" As the object of stating special damage is to let the De- fendant know what charges he, must prepare to meet, the statement must always be as full and specific as the facts will admit of."  *Mayne on the Law of Damages*, 316–18, *Vol. 67, Law Library*, 4*th series*.  The facts are in the knowledge of the Plaintiff, and he must state them specifically and truly. An allegation that expenses have been *paid*, is not sustained by proof that they have been *incurred* and not paid.

In an action for false imprisonment, where it was laid as special damage that the Plaintiff had been forced to pay a

large sum of money for costs, and the evidence was that he had employed an attorney, but not paid him, it was held that the damage was not proved. *Pritchet vs. Boevey*, 1 *C. & M.*, 775; *Jones vs. Lewis*, 9 *Dowl.*, 143; *Mayne on the Law of Damages*, 318.

We think the Court erred in permitting this proof to go to the jury under the pleadings and objection of the defendant.

We have examined the other points made by the Appellant, and find no error in any of them.

We are bound to suppose that the jury allowed the physician's bill in the assessment of the damages, which will entitle the Defendant to a re-trial if the Plaintiff will not remit the amount on the verdict. We therefore order, that the order denying a new trial be set aside, and a new trial be granted, unless the Plaintiff remits seven dollars upon the verdict within twenty days after the service upon him of the order to be entered herein.

The Appellant is entitled to the costs of this Court.