[No. 11948.   Department Two. — April 28, 1889.]

## MARY A. DONNELLY, Respondent, v. LOUIS HUF-SCHMIDT et al., Appellants.

Measure of Damages — Expenses Incurred but not Paid. — In an action for personal injuries occasioned by the negligence of the defendant, the plaintiff is entitled to recover the amount incurred for nurse hire, medicines, and physician's services, although the same has not been actually paid.

Negligence — Repairing Lodging-house — Obstructing Pathway — Liability for Injury to Lodger. — A person engaged in making repairs in a lodging-house is guilty of negligence in leaving his working materials over night in a pathway connected with the house, in such a manner as to obstruct its use by the occupants of the house; and is liable to a lodger for personal injuries occasioned to him by reason of such negligence.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of Mr. Justice Thornton.

*A. P. Needles*, and *T. M. McEntee*, for Appellants.

There was no privity between the plaintiff and defendants, and no breach of any obligation which the defendants owed to the plaintiff rendering them liable to her for negligence. (*Brandenberg* v. *Miles*, 7 Col. 537; *Colvin* v. *Holbrook*, 2 N. Y. 126; *Denny* v. *Manhattan Co.*, 2 Denio, 115.)

*M. Cooney*, and *Henry H. Reid*, for Respondent.

Thornton, J.—This is an action to recover damages for a personal injury alleged to have been suffered by plaintiff in consequence of the negligent conduct of the defendants.

The defendants were engaged to repair a range in a building in which the plaintiff lodged, as tenant and occupant of a room. The defendants completed the

work late in the afternoon, and by permission of a person in charge left on the premises a box of tools and a box of cement, the contents of which they had been using in repairing the range.  They placed the box of tools in a passage-way of the house, and the box of cement in the yard.

The plaintiff had occasion to make a pot of tea, and for that purpose she went from the room where she lodged to the kitchen, as she had a right to do, to procure a teapot.  She found some tea leaves in the pot which she wished to get rid of, and for that purpose went out into the yard to empty them into a slop-hopper. Night had come on, and when she went into the yard it was dark.  There was a pathway to the hopper from the door of her exit from the house, and she was going, as she testified, straight from this door to the hopper, when she came in contact with the box of cement, over which she fell and received the injury for which this action is brought.  Verdict and judgment passed in plaintiff's favor, and this appeal is prosecuted by defendants from the judgment, and an order denying their motion for a new trial.

It is urged that defendants were guilty of no negligence for which they were responsible to the plaintiff.  If the defendants left the box in the pathway to the hopper, along which plaintiff had to go to reach the hopper, and she fell over it, we are of opinion that they were guilty of negligence for which they were responsible.   There is some conflict in the evidence on the point whether defendants put the cement-box in this pathway or not, but the jury in finding against defendants must have affirmed that they did place it in the way mentioned, and we cannot, on that ground, interfere with their verdict.   Nor can it be held that the defendants owed no duty to the plaintiff.   The defendants were bound so to exercise their rights as not to interfere with the rights of others. (*Needham* v. *S. F. & S. J. R. R. Co.*, 37 Cal. 417.)   They

owed the duty to the plaintiff to do her no injury in the employment of their own legal rights.

We have examined the charge of the court, and the requests to charge asked by defendants and refused, and find no error in the rulings of the court. The court properly directed the jury that the plaintiff had the right to recover the amount, if any, expended by her for medicine and nurse-hire, and did not err in refusing to instruct the jury that "nothing should be allowed plaintiff by way of damages for expenses incurred for nurse-hire, medicines, and doctor's bills, unless actually paid" by her.

The object of damages is to give compensation for loss for the injury sustained. The medical man was employed as a direct consequence of the injury. The obligation to pay the surgeon for his services still rests on the plaintiff, and compensation for the detriment she has suffered could not be complete unless she was placed in a position to discharge herself from this obligation. Her failure to pay may have resulted from the hurt occasioned by defendants. The law allows such recovery by plaintiff for the reason that the acts of defendants superinduced the incurring of the obligation, and the duty to discharge it is imposed by law on defendants.

We find no error in the record.

Judgment and order affirmed.

SHARPSTEIN, J., concurred.

McFARLAND, J., concurring.—I concur. The only doubt which I had in the case was as to the point whether plaintiff could recover for her doctor's bill without having first paid it,—upon which point counsel throw no light. The law is, I think, that a plaintiff, in such a case, cannot prove that he has *incurred* a physician's bill under an allegation that he had *paid* it. (*Ward* v. *Hawes*, 5 Minn. 440; *Pritchett* v. *Boevy*, 1 Cromp. & M. 775;

*Jones* v. *Lewis*, 9 Dowl. 143; Sedgwick on Measures of Damages, 7th ed., 197, note *a.*)   But I do not find the rule to be established that he cannot recover for such a bill though only incurred, where that fact is averred in the complaint. And I think that the better reason is with the position taken in the opinion of Mr. Justice Thornton.   The complaint in this case has a sufficient averment that the expense was incurred.

Hearing in Bank denied.