[S. F. No. 26.   Department Two.—July 31, 1896.]

## MICHAEL McLAUGHLIN, RESPONDENT, v. SAN FRANCISCO AND SAN MATEO RAILWAY COMPANY, APPELLANT.

NEGLIGENCE—DAMAGES—INDEBTEDNESS INCURRED FOR PHYSICIAN—EX-
PENDITURE—PLEADING—EVIDENCE—VARIANCE.—In case of personal
injury of a plaintiff through the negligence of the defendant, under a
proper .pleading the injured party may recover for such necessary med-
ical expenses as he may have become liable to pay, though not in fact
paid before suit brought; but where the complaint avers that plaintiff
has necessarily expended a specified sum in doctor's bills, he cannot
prove that he has incurred a physician's bill, or recover the amount
thereof under such pleading.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion.

*Morrison, Stratton & Foerster*, for Appellant.

An allegation that expenses have been paid is not
sustained by proof that they have been incurred and
not paid. (*Prichet* v. *Boevey*, 1 Cromp. & M. 775, 776;
*Ward* v. *Haws*, 5 Minn. 440; *Murphy* v. *Mulgrew*, 102
Cal. 547; 41 Am. St. Rep. 200; *Donnelly* v. *Hufschmidt*,
79 Cal. 74; *Meeks* v. *Southern Pac. R. R. Co.*, 61 Cal.
149.)  To expend is to pay or lay out, use up, disburse,

spend, or to spend money on time.   (Standard Diction-
ary, Webster's International Dictionary.)

   *E. Crisp,* for Respondent.

   A liability on the part of an injured party to pay for
medical or surgical services, occasioned by the negli-
gence or fault of the offending party, can be estimated
and allowed for by the jury in making up their verdict
for damages, though such services have not been in fact
paid.   (*Donnelly* v. *Hufschmidt,* 79 Cal. 74; 3 Sutherland
on Damages, 2d ed., sec. 1250, and cases cited.)   The
word " expended " includes debts or unpaid obligations.
(*Sullivan* v. *Triunfo Min. Co.,* 39 Cal. 459.)

   Searls, C.—This is an action to recover damages for
injuries sustained by plaintiff while a passenger upon the
electric railroad of the defendant, as is alleged, through
the negligence of said defendant.

   Plaintiff had a verdict and judgment for one thou-
sand dollars, from which judgment and from an order
denying its motion for a new trial defendant appeals.

   A single question is raised on the appeal.   Plaintiff,
in his complaint, after averring the nature and extent of
his injuries, averred "that in attempting to be cured he
has necessarily expended in doctor's bills the sum of
$750 (seven hundred and fifty dollars)."

   Under this allegation the plaintiff was permitted to
prove against the objection of defendant, not that he
had expended seven hundred and fifty dollars, or any
part thereof, but that he had incurred an indebtedness
therefor which was not paid.

   Counsel for defendant afterward moved to strike out
the evidence, which was refused.

   The court also instructed the jury, in substance, that
if, through the negligence of the defendant, plaintiff
sustained injuries whereby medical services became nec-
essary, he was entitled to the reasonable expense incurred
therefor, and that the fact that plaintiff had not paid the

bill would not preclude his recovery of the expenses so incurred.

In all this, we think, the court below erred. In cases of personal injury of a plaintiff, through the negligence of a defendant, there is no doubt but that, under a proper pleading, the injured party may recover for such necessary medical expenses as he may have become liable to pay, though not in fact paid before suit brought. (*Donnelly* v. *Hufschmidt*, 79 Cal. 74.)

It will be observed here, however, that the allegation of the complaint is that he (the plaintiff) "necessarily expended in doctor's bills the sum of," etc.

To expend is to pay out, to disburse, etc., and implies an act performed, a thing accomplished. To incur a liability to do the same thing is quite different.

As was said by McFarland, J., in his concurring opinion in *Donnelly* v. *Hufschmidt*, *supra:* "The law is, I think, that a plaintiff, in such a case, cannot prove that he has *incurred* a physician's bill under an allegation that he has *paid* it." (Citing *Ward* v. *Hawes*, 5 Minn. 440; *Pritchet* v. *Boevey*, 1 Cromp. & M. 775; *Jones* v. *Lewis*, 9 Dowl. Pr. R. 143; Sedgwick on Damages, 7th ed., 197, note *a*. See, also, *Murphy* v. *Mulgrew*, 102 Cal. 547; 41 Am. St. Rep. 200.)

We are of opinion the evidence that plaintiff *had incurred a liability to pay seven hundred and fifty dollars* was not admissible under the allegation of his complaint that he had *expended* such sum, and we recommend that the judgment and order appealed from be reversed and the cause remanded for a new trial, with leave to plaintiff to amend his complaint if he shall be so advised.

Vanclief, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the cause remanded for a new trial, with leave to plaintiff to amend his complaint if he shall be so advised.

McFarland, J., Henshaw, J., Temple, J.