## METZ v. WILLITTS.

PRACTICE—TRIAL,—EVIDENCE—MOTION TO STRIKE FOR IRRELEVANCY.

1.  A motion to strike for irrelevancy, which goes to all the
    testimony of a witness or all of the testimony in a case,
    is improperly sustained if any of the testimony is relevant
    to the issue.
2.  It is the duty of the party moving to strike out evidence for
    irrelevancy to point out with particularity the irrelevant
    evidence to which his motion is directed and not to include
    relevant testimony.
3.  A motion to strike out evidence on the ground of irrele-
    vancy goes to the admissibility of the evidence, and not its
    weight or sufficiency.
4.  A party, having introduced evidence material to the issue
    has the right to have that evidence remain in the case,
    and its sufficiency can only be challenged in the proper
    way.
5.  The rule that a motion to strike out evidence for irrele-
    vancy must state with particularity the irrelevant evidence

to which the motion is directed, and that the motion should be denied when it is directed to relevant as well as irrelevant testimony, applies whether the trial is to the court or to the court and jury.

6. In a suit to recover an amount alleged to be due upon a sale of hay and pasture feed, defendant's motion to strike out all the testimony of plaintiff as irrelevant, and upon the ground that plaintiff's case, if any, would be one of non-acceptance, and not of sale and delivery, and that the evidence is wholly insufficient to sustain the allegations of plaintiff, was not a motion for judgment for a failure on the plaintiff's part to prove his case, but was solely a motion to strike out plaintiff's evidence.

7. That the cause of action, if any, of plaintiff against defendant would be one of non-acceptance, and not of sale and delivery (as alleged in the petition) and the evidence is wholly insufficient to sustain the allegations of the plaintiff, was not a ground for striking out the evidence of plaintiff, unless all the evidence was irrelevant to the issue.

8. It is improper to strike out all the evidence of plaintiff at the close of his case on the ground that it is insufficient to make out his case; but, if any of such evidence is relevant to the issue it should be allowed to remain in the case, and the question of its sufficiency determined by the court upon a proper motion, or by a finding upon the final submission of the cause.

[Decided April 23, 1906.]                    (85 Pac., 380.)

ERROR to the District Court, Sheridan County, HON. C. H. PARMELEE, Judge.

The action was brought by W. S. Metz against J. O. Willitts to recover a stated sum alleged to be due upon a sale of certain hay and the pasture feed upon certain land. Judgment was for defendant. Plaintiff brought error. The material facts are stated in the opinion.

*Metz & Sackett,* for plaintiff in error, argued and contended that, upon the evidence there should have been a judgment for the plaintiff, and cited the following authorities upon the proposition that an offer by the defendant and

its acceptance by the plaintiff constituted a valid and completed contract for the sale of certain hay and pasture feed, and that the fencing apart of the hay was an acceptance of the property. (2 Mech. on Sales, Sec. 1117, 1182, 1186-7; Mitchell v. LaClair, 43 N. E., 117; Scott v. English, 2 Dowl. & L., 520; Smith v. Bergengren, 153 Mass., 236.)

*E. E. Enterline,* for defendant in error, argued and contended that no contract had been completed between the parties by offer and acceptance, upon the evidence; and that if a verbal contract had been made, defendant could avail himself of the statute of frauds, and did so on the trial, citing Rev. Stat., Sec. 2954; Shoe Co. v. Brooks, 9 Wyo., 424.

*Metz & Sackett,* and *Gibson Clark,* for plaintiff in error, in reply.

In the case of a contract of sale, in the absence of express stipulation concerning delivery or payment, the law will supply the omission and require both to be performed in a reasonable time and the usual manner. (Mfg. Co. v. Goddard, 14 How., 446.) Several writings, though made at different times, may be construed together to ascertain the terms of a contract within the statute of frauds, and if such be signed by the party to be charged, it is not necessary that the later writing should refer to the other, if on inspection, it appears that each relates to the same transaction. (Thayer v. Luce, 22 O. St., 62.) The acceptance of a written offer may be shown by parol. (Fur. Co. v. R. R. Co., 22 O. St., 451; 29 Ency. L. (2nd Ed.), 860.) Where a case is submitted practically upon defendant's demurrer to plaintiff's evidence, as this case was, the court will draw all inferences from the testimony not against reason and probability. (Bank v. Smith, 11 Wheat., 171.)

While it is necessary under the statute of frauds in case there is no sufficient note or memorandum of the contract of sale, that there should be evidence showing the receipt and acceptance by the buyer in order to charge him, that

is not necessary where there is such note or memorandum. (Counsel continued to insist that the facts showed a complete delivery, and cited Baker on Sales, 312; 24 Ency. L. (2nd Ed.), 1068; Morse v. Sherman, 106 Mass., 430; 2 Kent (12th Ed.), 492; Hayden v. Demets, 53 N. Y., 427; Russell v. Covington, 42 N. Y., 120; Lassing v. James, 40 Pac., 534.)

SCOTT, JUSTICE.

Plaintiff and defendant in error were respectively plaintiff and defendant below and for convenience will be designated as such in this opinion.

The plaintiff brought this action to recover the sum of $488.00 alleged to be due upon a sale of seventy-two tons of hay and the pasture feed upon from six to seven hundred acres of land, and for which he claims defendant promised to pay for the hay at the rate of four dollars per ton and two hundred dollars for the pasture, with interest from October 10, 1904, the date of such alleged sale. The case was tried to the court without a jury, and judgment of dismissal was rendered in favor of defendant and for costs. The plaintiff brings the case here on error.

1. The plaintiff was sworn and testified as a witness in his own behalf, and rested his case upon his own testimony and certain letters which he identified as having been written by defendant and which were admitted in evidence. Thereupon the defendant moved "to strike out all the testimony of the plaintiff for the reason that the same is irrelevant; that the cause of action, if any, plaintiff has against defendant would be one of non-acceptance and not of sale and delivery, and the evidence is wholly insufficient to sustain the allegations of the plaintiff." The motion was sustained, to which ruling plaintiff excepted and such ruling is here assigned as error. The judgment recites that "the defendant by his counsel moved to strike out the testimony of the plaintiff and dismiss the action, and the court being now fully advised in the premises doth sustain the motion

and doth find generally for the defendant," and judgment was rendered dismissing the case and for costs in favor of the defendant.

A motion to strike for irrelevancy which goes to all of the testimony of a witness or all of the testimony in a case is improperly sustained if any of the testimony is relevant to the issue; and conversely it should only be sustained when all of the evidence is irrelevant to the issue. (Wadling v. State, 25 W. Va., 692.) The authorities are numerous and all agree that when the motion is directed to relevant as well as incompetent and irrelevant testimony the motion should be denied. It is the duty of the moving party to point out with particularity the irrelevant evidence to which his motion is directed and not to include relevant testimony. (22 Ency. Pl. & Pr., 1318, and cases there cited.) A case recently decided by the Supreme Court of Montana is to the same effect. (Dorrais v. Doll et al, 83 Pac., 884.) Such a motion goes to the admissibility of the evidence and not to its weight or sufficiency. The rule is clearly stated in Wilcox v. Stephens, 30 Fla., 377, where the following language is used: "Motions to strike out evidence that has been introduced in a cause * * * must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself that is struck at." The court further said: "When the plaintiff rested his case upon testimony relevant, pertinent and proper so far as it went but which in the conception of the defendant was insufficient to warrant the recovery claimed because of the absence of proof of other facts upon other issues necessary to be proved before recovery could legally be had, the proper way to have availed himself of such defect was to have requested an instruction from the court to the jury to the effect that unless the unproved fact contended for was proven, then under the law the plaintiff could not recover; or he might also have availed himself of the defect by demurring to the evidence." That was a jury trial but we do not think the rule is different

when the trial is to the court. A party, having introduced evidence material to the issue has a right to have that evidence remain in the case and its sufficiency can only be challenged in the proper way. Defendant's motion was not for judgment for failure of the plaintiff to prove his case, but was solely for the purpose of striking out the evidence of the plaintiff. The last ground of the motion, viz: "That the cause of action, if any, plaintiff has against defendant would be one of non-acceptance and not of sale and delivery and the evidence is wholly insufficient to sustain the allegations of the plaintiff," was not a ground for striking out the evidence unless all of the evidence was irrelevant to the issue. We have examined the excluded evidence and we find that there was relevant and competent evidence upon the issues in the case. It is true that in a trial without a jury the court is the judge of the evidence as well as of the law; but the evidence was not permitted to remain in the case and its sufficiency determined as in a motion for judgment for failure in proof, or by demurrer to the evidence, nor was there any motion for non-suit or directed verdict as is resorted to in a trial by jury, or for judgment for defendant upon plaintiff's evidence. In all such cases the motion is directed to the sufficiency of the evidence and not to its admissibility. If as stated in the motion the evidence was insufficient to sustain the allegations of the plaintiff, that matter would be determined by the court and its finding should be upon the sufficiency or insufficiency of such evidence. The court having excluded all the evidence in the case the finding for the defendant was based of necessity upon the absence of any or all evidence in support of plaintiff's cause of action. Then, there being no evidence before the court upon which to base a finding as contended by and for the plaintiff, the sufficiency of the excluded testimony as shown by the record not having been properly passed on by the court is not before us for consideration. The sole and only question here is as to the action of the court in excluding the testimony. We are of the opinion that the plaintiff having submitted relevant evi-

dence upon the issue that he had a right to have it remain in the case and its sufficiency tested by a proper motion or by a finding of the court upon the final submission of the case, so that upon the record he could, if such ruling or finding was adverse to him, be in a position to have the question here reviewed, and that this was a substantial right of which he was deprived by the ruling of the court. It was said in McFarland v. Bellows, 49 Mo., 311 : "There is no law in this state authorizing the court at the close of plaintiff's case to strike out his testimony on the ground that the same is insufficient to make out a case for plaintiff." What is there stated we may with equal propriety say as to this jurisdiction, nor is it contended by defendant that there is here precedent for the rule invoked by him.

For the error committed in sustaining defendant's motion to strike out plaintiff's testimony the judgment is reversed and a new trial granted.

POTTER, C. J., and BEARD, J., concur.