[S. F. No. 5020.   Department One.—September 20, 1909.]

# CHARLES KIMIC, Respondent, v. SAN JOSE-LOS GATOS INTERURBAN RAILWAY COMPANY, Appellant, and SAN JOSE AND SANTA CLARA RAILROAD COMPANY, Defendant.

Negligence—Measure of Damages for Personal Injuries—Evidence of Actual Expenditures.—In an action to recover for personal injuries, in which the complaint alleges that the plaintiff "has been compelled to employ doctors, a nurse and additional assistance in his home, and to purchase medicines . . . and to pay therefor the sum of about one thousand dollars," he may, when a witness in his own behalf, be asked the question, "What expenses were you put to for medical attendance, medicines, etc., in consequence of the injury?" Such question only calls for a statement of actual expenditures.

Id.—Answer Responsive to Question.—An answer to such question "I suppose somewhere in the neighborhood of five hundred dollars" should not be stricken out on the ground that it is not responsive.

Id.—Indefinite Answer without Prejudice—Instructions.—The refusal to strike out such answer on the ground that it was too indefinite to afford any evidence of moneys expended is without prejudice, if the witness subsequently testified to details of expenditure which furnished a basis for a finding that some part, at least, of that sum had been actually expended by him, and the jury were instructed that damages could be recovered only for expenses actually paid.

Id.—Presumption that Jury Obeyed Instructions.—It must be presumed that the jury followed such instructions, and gave no consideration to any item of alleged expense not shown by direct proof, to a reasonable certainty, to have been actually paid.

Id.—Discretion of Jury in Awarding Damages—Excessive Verdict—Review on Appeal.—What is a reasonable and proper compensation for damages occasioned by injuries to the person is a question committed to the sound discretion of the jury. Their verdict will never be disturbed unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that it was not the result of the cool and dispassionate consideration of the jury. In considering an attack upon a verdict as excessive, the appellate court must treat every conflict in the evidence as resolved in favor of the respondent, and must give to him the benefit of every inference that can reasonably be drawn in support of his claim.

Id.—Evidence—Verdict not Excessive.—The evidence in this case is held sufficient to have warranted the jury in finding that there was a reasonable certainty that the plaintiff's injuries had permanently

CLVI Cal.—18

affected his nervous system to such an extent as to seriously inter-
fere with his comfort and happiness, as well as to restrict or destroy
his ability to conduct his business, and that a verdict in the sum
of sixty-four hundred dollars was not excessive.

APPEAL from a judgment of the Superior Court of Santa
Clara County and from an order refusing a new trial.  John
E. Richards, Judge.

The facts are stated in the opinion of the court.

Oneal & Richardson, for Appellant.

L. B. Archer, for Respondent.

SLOSS, J.—San Jose-Los Gatos Interurban Railway Com-
pany (hereinafter designated as the Interurban Company), is
a corporation operating a street-railroad over certain streets
of the city of San Jose.  Its route is, in part, over San Carlos
Street.  At the intersection of San Carlos and Tenth Streets
its line is crossed by that of the San Jose and Santa Clara
County Railway Company (hereinafter designated as the San-
ta Clara Company), operating a line of street railway along
Tenth Street.

Plaintiff was a passenger on a car of the Interurban Com-
pany.  This car was proceeding westerly along San Carlos
Street, and as it crossed Tenth Street, it was struck by a
car of the Santa Clara Company, running southerly along
Tenth Street.  The force of the impact hurled plaintiff from
the car on which he was riding, and he suffered injuries for
which he sought, by this action, to recover damages from both
corporations.  A trial before a jury resulted in a verdict in
favor of plaintiff and against both defendants for seven thous-
and dollars.  Motions for new trial were denied upon plaintiff's
complying with an order of the court requiring him to remit
six hundred dollars of the amount of the judgment as a con-
dition of the denial of said motions.  The defendants present
separate appeals, upon different records, from the judgments
and orders made against them respectively.  The appeals here
to be considered are those of the San Jose-Los Gatos Interurban
Railway Company from the judgment and from the order
denying its motion for a new trial.

That the evidence was ample to warrant the jury in finding plaintiff's injuries to have been the result of negligence on the part of the Interurban Company is not questioned. Nor does this appellant challenge the correctness of the instructions under which the issues were submitted to the jury.

The complaint averred that "by reason of said injury plaintiff has been compelled to employ doctors, a nurse and additional assistance in his home, and to purchase medicine, and the said plaintiff has been compelled to pay therefor the sum of about one thousand dollars." This allegation was denied by the answer. Plaintiff took the stand as a witness in his own behalf, and was asked: "Mr. Kimic, what expenses were you put to for medical attendance, medicines, etc., in consequence of this injury?" The appellant objected to the question on the ground "that it is too indefinite. He might be asked as to what money he actually expended or paid out." The objection was overruled. It is now contended that this ruling was erroneous, the argument being that it contravened the rule that under an allegation of payment, alone, with no averment that liabilities were incurred, although not paid, evidence of the mere incurring of liability is not admissible. (*Donnelly* v. *Hufschmidt,* 79 Cal. 74, 79, [21 Pac. 546]; *McLaughlin* v. *San Francisco and San Mateo R. Co.,* 113 Cal. 590, [45 Pac. 839].) But the question did not call for a statement of anything but actual expenditure. The witness was asked to state the "expenses" to which he had been put. "Expense" is defined as "the laying out or expending of money or other resources" (Standard Dict.; see, also, 12 Am. & Eng. Ency. of Law, 2d ed. 394; Cent. Dict.): to "expend" is "to pay out or lay out" (Stand. Dict.). A statement of the expenses to which one has been put is therefore a statement of actual payments made.

The question just referred to was answered by plaintiff as follows: "Oh, I suppose somewhere in the neighborhood of $500 or $600." The appellant moved to strike out the answer as not responsive, "and on the further ground that it is too indefinite to afford any evidence of moneys expended." The motion was denied, and an exception noted. The first ground of the motion, i. e. that the answer was not responsive, is plainly without merit. As to the other ground, we may assume that this answer, if standing alone, would not have been sufficiently definite and certain to serve as the foundation of

a finding that plaintiff had expended any specific sum. (*Galveston etc. Co.* v. *White* (Tex. Civ. App.), 32 S. W. 186; *Town of Salida* v. *McKinna,* 16 Colo. 523, [27 Pac. 810].) The fact that evidence fails in itself to amount to proof of what was intended by the offering party is generally regarded as no ground for striking it out. (*Metz* v. *Willitts,* 14 Wyo. 511, [85 Pac. 380]; *State* v. *Cardoza,* 11 S. C. 195; *Walker* v. *Lee,* 51 Fla. 360, 40 South. 881; *Maloy* v. *State,* 52 Fla. 101, 41 South. 791.) A party is often unable to completely develop a fact material to his case by a single question and answer. If one part of the testimony is not sufficient in itself its defects may be supplied by further examination.

But whatever view may be taken of the propriety of the ruling, it is clear from the record that it resulted in no prejudice to appellant. After giving this answer, the plaintiff went on to testify that "this $500 or $600 includes doctor, nursing, medicine, and increased expenses of my household. I cannot give a more definite statement of the amount. I paid the nurse $35 a week for four weeks. I have paid the physicians over one hundred dollars, and I have not paid the physicians all yet." These subsequent statements furnished a basis for a finding that some part, at least, of the five hundred dollars or six hundred dollars had actually been expended by plaintiff. The jury were instructed that "plaintiff cannot recover for the expenses of care and nursing and doctors' bills in this case, which he has not paid; that any damages allowed him on these accounts must be for money actually paid out." There were further instructions to the effect that plaintiff could recover "only such actual damages as the evidence shows to a reasonable certainty he has sustained; and that "the elements of damages consisting of expenses of care and nursing and doctors' bills . . . are subjects of direct proof, and are to be determined by the jury upon the evidence they have before them; these elements of damages cannot be inferred, but must be proved by direct evidence." If the jury accepted and followed these instructions, as we are bound to assume they did, no consideration could have been given by them to any item of alleged expense not shown by direct proof, to a reasonable certainty, to have been actually paid.

The only remaining point made by appellant is that the damages are excessive. The amount allowed to plaintiff, after

deducting the six hundred dollars remitted, is sixty-four hundred dollars. What will be a proper and reasonable compensation for the damages occasioned by injuries to the person is a question committed to the sound discretion of the jury. "Their verdict . . . will never be disturbed unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate consideration of the jury." (*Alarich* v. *Palmer*, 24 Cal. 513; *Morgan* v. *Southern Pacific Co.*, 95´ Cal. 501, [30 Pac. 601]; *Lee* v. *Southern Pacific Co.*, 101 Cal. 118, [35 Pac. 572]; *Howland* v. *Oakland C. S. R. Co.*, 110 Cal. 513, [42 Pac. 983]; *Clare* v. *Sacramento Elec. etc. Co.*, 122 Cal. 504, [55 Pac. 328].) In considering an attack upon a verdict as excessive, the appellate court must treat every conflict in the evidence as resolved in favor of the respondent, and must give to him the benefit of every inference that can reasonably be drawn in support of his claim.

In this case, it appeared that the plaintiff was, at the time of the accident, over the age of sixty years. He was in the business of selling wall-paper. He testified that the collision hurled him from the car upon which he had been riding. He picked himself up from the gutter, where he had fallen, got on his hands and knees, and fell again. There was a terrible pain in his back, "as though a knife was being stuck into it." His hands were lacerated and cut by broken glass. With the aid of two passers-by, he walked to his home, a distance of six blocks, and was at once put to bed. A swelling on the left side, over the kidneys, appeared. It was six or seven inches across in one direction, eight or nine inches in the other, and four or five inches deep. After some days, about a quart of black blood was drawn from this by his physicians. He remained in bed four weeks, and during this time was attended by a nurse. The trial took place about six months after the accident. The plaintiff testified that up to the time of the trial, he had not been able to sleep well. He woke up at least every hour. The swelling had not entirely disappeared. "The muscles of my back are still in a painful and weakened condition and there is a drawing sensation. I can walk with the assistance of a cane, my back pains me and I am tired and fatigued. I feel a pain over my kidney and am annoyed in my urinating. . . . I am too nervous now to

take much interest in my business. I cannot attend to my business. Since the accident I have not been able to carry large bundles of paper up and down a ladder." The gross profits of his business before his injury had been ten dollars to twelve dollars per day. He had not been able to earn that amount since.

Of the physicians called by plaintiff as witnesses, one testified that a shock to the nervous system, producing neurasthenia, might result from an injury similar to the one suffered by plaintiff. He was unable to state whether any permanent effect had been produced in this case. Another expressed the opinion that the injuries would probably be permanent. A third that, in his opinion, Kimic was, at the time, suffering from neurasthenia, which the witness declared to be a progressive disease, and one that could be caused by the shock of railway injury. In old age the probabilities, the witness stated, were "rather against a recovery."

In the face of this testimony, it cannot be successfully urged that the jury were not warranted in finding that there was a "reasonable certainty," (*Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400, [91 Pac. 436] ; *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113, 117, [ 91 Pac. 522],) that plaintiff's injuries had permanently affected his nervous system to such an extent as to seriously interfere with his comfort and happiness, as well as to restrict or destroy his ability to conduct his business. If this be so, the question of excessive damages is answered. Indeed, appellant virtually concedes that, if injuries of a permanent nature were shown, the amount awarded was not so large as to exceed the limits of the discretion confided to the jury. But the contention that the injuries were not permanent can be sustained only if we read the testimony in the light of inferences less favorable to plaintiff that it can reasonably bear, or if we regard his testimony and that of the physicians above referred to as overcome by the very considerable volume of contrary testimony. By following either course, this court would be invading the province of the jury.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.