[L. A. No. 2909.   Department One.—May 17, 1912.]

# EDITH M. NELSON, Respondent, v. WILLIAM KELLOGG, Appellant.

FALSE IMPRISONMENT—ARREST OF WOMAN ON CIVIL PROCESS UNAUTHORIZED—INSTRUCTIONS.—Under section 861 of the Code of Civil Procedure, a woman cannot be arrested upon process issued in a civil action, and in an action by her to recover damages for false imprisonment on account of such arrest the court might have instructed the jury that the arrest was illegal under any circumstances. Consequently, error in instructions that the arrest was illegal for other reasons is without prejudice to the defendant.

ID.—SPECIAL DAMAGES—ATTORNEY'S FEES INCURRED BUT NOT PAID.—In such action for false imprisonment, the plaintiff, under proper pleadings, is entitled to recover as special damages, a liability incurred but not paid by her for the services of an attorney employed by her to secure her release from the arrest.

ID.—REASONABLE AND NECESSARY EXPENSES CAUSED BY WRONGFUL ACTS.—The rule is established in this state that in actions for damages for tortious injuries the recovery may include damages properly pleaded, consisting of a liability incurred but not paid, for reasonable and necessary expenses caused by the wrongful act complained of, such as the fees of an attorney employed to obtain a discharge from an illegal arrest, physician's bills incurred for cure of bodily injuries, and the like.

ID.—EXONERATION OF DEFENDANT—ARREST BASED ON ADVICE OF MAGISTRATE.—The defendant is not exonerated from liability for the false imprisonment by the fact that, before filing his affidavit for the arrest, the magistrate who issued the warrant, being informed of the facts, advised him that there was sufficient cause for the arrest.

ID.—PROBABLE CAUSE NOT DEFENSE FOR FALSE IMPRISONMENT.—In actions for false imprisonment, the defense of probable cause is not applicable, and the good faith of the defendant is material only on the question of punitive damages.

ID.—ARREST OF FEMALE ON CIVIL PROCESS—MAGISTRATE WITHOUT JURISDICTION TO ISSUE WARRANT.—The principle, that where the affidavit for arrest contains direct statement of facts which constitute some evidence of every fact which the statute requires to be shown therein, the magistrate to whom it is presented has jurisdiction to pass upon its sufficiency, and if he determines upon such evidence that it is sufficient and thereupon issues the warrant, the party who invokes his decision is not answerable to the defendant in damages if the magistrate errs in his judgment, is not applicable to the arrest on civil process of a person shown to be a female, since such arrest is not allowed on any state of facts and the magistrate can under no circumstances acquire jurisdiction to issue the warrant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Hester, Merrill & Craig, for Appellant.

Bernard Potter, and Adams & Mahan, for Respondent.

SHAW, J.—In an action for false imprisonment plaintiff recovered judgment for five hundred dollars against Wm. Kellogg and J. T. Whaley. Kellogg alone appeals.

The arrest complained of was made upon a warrant issued in a civil action instituted by Kellogg against the plaintiff. Among the errors complained of are the rulings of the court in giving instructions to the jury to the effect that the affidavit upon which the warrant was issued was defective because the allegations therein were made solely on information and belief, it being claimed by appellant that they were positive in form, and in instructing the jury that a check for three hundred dollars accepted by the justice in lieu of an undertaking was not a compliance with the law requiring an undertaking or a cash deposit, and that for these reasons the arrest was illegal. We do not find it necessary to consider either of these points. One of the grounds upon which it was alleged the arrest was illegal was that the plaintiff, Edith M. Nelson, is a woman. This fact was admitted by the answer. The arrest was made under the provisions of section 861 of the Code of Civil Procedure, the last clause of which section is as follows: "No female can be arrested in any action." Consequently the arrest was illegal under any circumstances. The court might have instructed the jury to that effect, and any instructions or rulings which it made regarding its illegality in other respects are unimportant and could not have caused prejudice to the appellant, whether erroneous or not.

Plaintiff alleged as special damages that she had incurred a liability for one hundred and fifty dollars, for the services of an attorney employed by her to secure her release from the arrest. The proof was that the liability was incurred but that no payment thereof had been made. Defendant objected to the evidence on the grounds that a mere liability for services in that behalf was not an element of damage, unless the

attorney's fees had been paid. He also asked an instruction to the same effect. The objection was overruled and the instruction refused. In support of this objection the appellant relies on *Elder* v. *Kutner*, 97 Cal. 495, [32 Pac. 563] ; *Willson* v. *McEvoy*, 25 Cal. 169, and similar cases, holding that in suits on attachment bonds, injunction bonds, and like undertakings, attorney's fees for procuring a dissolution of the attachment or injunction cannot be recovered as damages, unless they have been actually paid. This is the rule established in this state with regard to actions on contracts of that kind, although the decisions in many other states are to the contrary. But the rule established both in this state and elsewhere in actions for damages for tortious injuries, is that the recovery may include special damages properly pleaded, consisting of a liability, incurred but not paid, for reasonable and necessary expenses caused by the wrongful act complained of, such as the fees of an attorney employed to obtain a discharge from an illegal arrest, physician's bills incurred for a cure of bodily injuries, and the like. (*Donnelly* v. *Hufschmidt*, 79 Cal. 74, [25 Pac. 546] ; *McLaughlin* v. *San Francisco etc. Co.*, 113 Cal. 590, [45 Pac. 839] ; *Bonesteel* v. *Bonesteel*, 30 Wis. 515; *Walker* v. *Pittman*, 108 Ind. 345, [9 N. E. 175] ; *Minneapolis T. M. Co.* v. *Regier*, 51 Neb. 408, [70 N. W. 934].) The distinction was recognized and stated in *Willson* v. *McEvoy*, (25 Cal. 173), as follows: "In actions for injuries to the person, in many decisions, it is held that the defendant is answerable, not only for the damages actually sustained by the plaintiff, but also for certain liabilities the plaintiff has incurred by reason of the wrongful acts of the defendant—such as . . . extra costs incurred in procuring a release from an arrest made without reasonable cause; and the courts hold that the plaintiff may recover a reasonable compensation for those liabilities, without proof of payment."

The claim that the liability in part was for other services rendered after plaintiff's discharge from the arrest, is not sustained by the facts. She was released on bail before the services were performed, but she was still answerable to the charge, and a few days afterwards she was surrendered by her bail. Thereupon she was finally discharged. In the mean time, the attorney had performed services in advising her concerning her discharge. The liability incurred for such services

was a loss proximately caused by the false arrest and the defendant was liable therefor to the extent of the reasonable value of the services performed in securing the discharge. The jury was properly instructed by the court to determine from the evidence the sum to be allowed on this account.

The defendant is not exonerated from liability by the fact that, before filing his affidavit for the arrest, the magistrate who issued the warrant, being informed of the facts, advised him that there was sufficient cause for the arrest. In actions for malicious prosecution, advice of counsel, given under proper circumstances, or the decision of a magistrate holding the party to answer upon a criminal charge, may be sufficient evidence of probable cause for the prosecution, and may therefore serve to establish a good defense. But the defense of probable cause is not applicable in actions for false imprisonment. (*Neves* v. *Costa*, 5 Cal. App. 111, [89 Pac. 860].) In false imprisonment, the good faith of the defendant is material only on the question of punitive damages. (Ibid.) The case of *Dusy* v. *Helm*, 59 Cal. 189, went upon the ground that where the affidavit for arrest contains direct statements of facts which constitute some evidence of every fact which the statute requires to be shown therein, the magistrate to whom it is presented has jurisdiction to pass upon its sufficiency, and if he determines upon such evidence that it is sufficient and thereupon issues the warrant, the party who invokes his decision is not answerable to the defendant in damages if the magistrate errs in his judgment of such evidence. This principle can have no application to the arrest on civil process of a person shown to be a female, since such arrest is not allowed on any state of facts and the magistrate can under no circumstances acquire jurisdiction to issue the warrant. (See *Fkumoto* v. *Marsh*, 130 Cal. 66, [80 Am. St. Rep. 73, 62 Pac. 303, 509], where the case of *Dusy* v. *Helm* is thus distinguished. See, also, *Ex parte Fkumoto*, 120 Cal. 316, [52 Pac. 726].)

It is claimed that the damages are excessive, but in view of the well-established rule concerning the power of this court to review the question of excessive damages, we cannot say that the court or jury abused their discretion in that regard. (*Diller* v. *Northern C. P. Co.*, *ante*, p. 531, [123 Pac. 359];

*Hale* v. *San Bernardino etc. Co.,* 156 Cal. 715, [106 Pac. 83].), The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.