[Civ. No. 3262. First Appellate District, Division Two.—March 16, 1920.]

## CLARA H. FISK, Respondent, v. JOHN S. POPLIN, Appellant.

[1] NONSUIT—CONFLICT IN EVIDENCE.—Conflicts in the evidence cannot be considered upon a motion for nonsuit.

[2] NEGLIGENCE—STANDARD OF CARE—QUESTION OF FACT.—The law has fixed no exact standard of care other than the general one that it must be such as a reasonably prudent man would exercise in the particular circumstances. Hence, in ordinary cases, it is peculiarly a question for the jury or court trying the cause to decide as a matter of fact whether or not a person was culpably negligent.

[3] ID.—BILLS INCURRED—WHEN AMOUNT RECOVERABLE—PLEADING.—In an action for damages for personal injuries received in an automobile collision, through the negligence of defendant, the plaintiff cannot prove that she has incurred a physician's bill under an allegation that she has paid it, but under a proper pleading, where that fact is averred in the complaint, recovery may be had for medical services for which plaintiff has become liable.

[4] ID.—DAMAGES FOR PAIN AND SUFFERING AND DISABILITY—EVIDENCE.—Where the physician who attended plaintiff testified that it was hard to say whether or not the injury to plaintiff's knee was permanent, that it had not improved much in four months, that it might remain weak for an indefinite period, that he thought it might be a permanent injury, that plaintiff had been in the hospital a period of five weeks, that she suffered considerably for a few days as a result of the injury, that he had examined her knee about seven months after the accident and found inflammation of the bone, where the bone had been fractured, and also found that there was too much play from side to side of the bones of the knee-joint when she would use her knee, and that he made her a leather strap to wear around the knee to keep it in place, which brace she was using up to the time of the trial, the allowance of five hundred dollars damages for pain and suffering and present and possible future disability was warranted.

[5] ID.—BILLS PAID BY SON—ALLOWANCE AS DAMAGES.—Money paid by the son as the hospital bill for his mother, the plaintiff, was a proper allowance as damages under the allegation of the com-

4. Recovery of damages for future pain and suffering due to personal injuries, note, 9 Ann. Cas. 1051.

plaint that she had paid the same, where this money was paid
by the son as her agent.

[6] ID.—EVIDENCE OF BILLS INCURRED—SUFFICIENCY OF OBJECTION.—
Where the complaint in an action for damages for personal in-
juries alleges that a certain sum was expended for doctor's bills,
an objection to evidence showing that a doctor's bill had been in-
curred on the ground that it was incompetent, irrelevant, and im-
material, and did not tend to prove any issue made by the plead-
ings, was a sufficient objection.

[7] ID.—APPEAL — CONSENT TO MODIFICATION OF JUDGMENT — NEW
TRIAL UNNECESSARY.—Where the respondent requests that the
appellate court order that she remit the portion of the judgment
representing a given item, if the appellate court should decide
that the allowance of that amount was erroneous, it is not neces-
sary that the appellate court reverse the judgment and send the
case back for a new trial.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Russ Avery, Judge. ·Affirmed.

The facts are stated in the opinion of the court.

H. L. Poplin for Appellant.

E. E. Morris, Frank Karr and Nat B. Browne for
Respondent.

LANGDON, P. J.—This is an appeal by the defendant
from a judgment against him for $682.75, recovered by the
plaintiff as damages for personal injuries, alleged to have
been caused by the negligent driving of defendant's automo-
bile, which resulted in a collision between it and the plain-
tiff, causing her injury. The appellant assigns as error the
ruling of the trial court in denying his motion for nonsuit,
made at the end of plaintiff's case, and also assigns as error
certain findings of the trial court, under the claim that such
findings are not sustained by the evidence. Both conten-
tions may be considered together, as both involve a discus-
sion of the evidence appearing in the record, which is favor-
able to the contentions of the plaintiff. [1] Conflicts in
the evidence could not be considered upon a motion for non-
suit, and, in view of the findings of the trial court—which
were favorable to the plaintiff—we are not concerned with
the evidence which may appear in the record to support the

defendant's contentions, as our examination of the evidence must end upon finding therein substantial support for the findings of the trial court.

At the time of the accident, the plaintiff was crossing Hill Street at its intersection with Sixth Street, in Los Angeles. Hill Street runs north and south and crosses Sixth Street at right angles. There are double street-car tracks on each street. The plaintiff was crossing Hill Street from east to west on the north side of Sixth Street. When she had reached a point on the north-bound tracks on Hill Street she was struck by defendant's automobile, which was going north on Hill Street. The court found that the plaintiff exercised ordinary and proper care for her own safety, and that the negligent acts of the defendant were the direct and proximate cause of the accident.

These findings are supported by plaintiff's testimony that, when near the curb on the east side of Hill Street, she looked up and down the street and saw no vehicles whatever coming; that she looked ahead at the street-car coming to a stop on the tracks on the west side of Hill Street, "except I looked both ways as I stepped from the curb and there were no vehicles whatever within my sight." It is contended by appellant that this testimony is contradicted by the physical facts. Appellant assumes, without any evidence in the record therefor, that defendant's automobile was on the south line of Sixth Street at the instant that the plaintiff started to cross the street, and then he argues that if plaintiff had looked she must have seen it. He further argues, in this connection, that the finding of the court and the testimony of the several witnesses that the defendant was going at the rate of fifteen miles an hour are contradicted by the physical facts. He points out that if the machine had been going at the rate of fifteen miles miles an hour and had left the south line of Sixth Street at the instant plaintiff started across the street, it would have passed the point of collision before plaintiff reached it in view of the admitted measurements of the street, and the admitted speed at which plaintiff was walking. We may not, however, assume that the automobile left the south line of Sixth Street at the instant plaintiff started across the street, in the absence of evidence upon this point, and in contradiction of the findings of other facts

made by the trial court. The motorman on the south-bound car that had just stopped at the north line of Sixth Street at the time of the accident testified that he saw the automobile first when it had about reached the center of Sixth Street. The traffic policeman, who stood in the center of the street at the intersection of the two streets, testified that he saw the automobile when it passed in front of him; that plaintiff was almost at the east rail of the north-bound track when he first saw her and the automobile was just then passing in front of him. There is other testimony to the same effect. There is no testimony establishing the basic fact of appellant's argument. Indeed, if we proceed along the chain of logic from the finding of the court that the defendant was going at the rate of fifteen miles an hour, and take into consideration the admitted facts with regard to distances and the rate of speed at which plaintiff was walking, we arrive at the inevitable conclusion that the automobile was some distance south of the south line of Sixth Street when plaintiff started across the street.

The trial court found that the defendant was traveling in his automobile northbound on Hill Street and near the center of said street and that the said defendant negligently failed to keep any proper lookout for pedestrians and negligently failed to give any warning of his approach to the place of accident, and that at said time he was traveling at about fifteen miles per hour, and that such rate of speed was negligent under the circumstances; that at said time and place there were no other vehicles or other pedestrians to have prevented defendant from driving on the right-hand side of said street and near the curb thereof, and that he negligently drove near the center of said street. It is true the defendant testified that there was a wagon on the right-hand side of the street, which made it necessary for him to drive in the center of the street in order to pass the same, but there is testimony of several other witnesses from which the court might conclude that this wagon was not in a position to interfere with defendant in driving to the right of the center of the street at that place and that time.

[2] It would serve no useful purpose to answer all the arguments made by the appellant to show that the defendant was in the exercise of proper care, and that the plain-

tiff was not. These are questions of fact for which there is no precise and unvarying measure. As was said in the case of *Scott* v. *San Bernardino V. etc. Co.*, 152 Cal. 604, [93 Pac. 677], cited by both parties here: ''The law has fixed no exact standard of care other than the general one that it must be such as a reasonably prudent man would exercise in the particular circumstances. Hence, in ordinary cases, it is peculiarly a question for the jury or court trying the cause to decide as a matter of fact whether or not a person was culpably negligent.''

The other objection of the appellant is made in regard to the damages allowed. It is contended that as the proof shows that the doctor's bill of one hundred dollars has not yet been paid, and as the proof also shows that the bill for hospital and nurse was paid by plaintiff's son, with whom she lives, that, therefore, it was improper to allow the same under the allegations of the complaint, as these sums were not expended by the plaintiff. [3] It is true that the cases hold that one cannot prove that he has incurred a physician's bill under an allegation that he has paid it. (*Donnelly* v. *Hufschmidt*, 79 Cal. 76, [21 Pac. 546].) But it is also true that under a proper pleading, where that fact is averred in the complaint, recovery may be had for medical services for which one has become liable. (*Donnelly* v. *Hufschmidt*, *supra; McLaughlin* v. *San Francisco etc. Ry. Co.*, 113 Cal. 592, [45 Pac. 839].) It would appear, however, that in this case the allegations of the complaint are not sufficient to cover such liability. The allegation of the complaint is that plaintiff ''has been forced to expend the sum of three hundred dollars in doctor's bills, hospital bills, and medicines and X-ray pictures, no part of which has been paid, and will be compelled to expend a larger sum in the future, the exact amount of which cannot at this time be determined.''

The court, in allowing damages in the sum of $682.75, evidently allowed one hundred dollars for the doctor's bill, which was at that time unpaid, and $82.75 for hospital bills, etc., which had been paid by the plaintiff's son, and five hundred dollars for damages for pain and suffering, and present and possible future disability. [4] The physician testified that it was hard to say whether or not the injury to the knee was permanent; that it had not improved much in four months, and that it might remain weak for an in-

definite time, and that he thought it might be a permanent injury; that plaintiff had been in the hospital from October 16 to November 20, 1917; that she suffered considerably for a few days as a result of the injury; that he had examined her knee on May 14, 1918, and found inflammation of the bone, where the bone had been fractured, and also found that there was too much play from side to side of the bones of the knee-joint when she would use her knee, and that he had made plaintiff a leather strap to wear around the knee to keep it from slipping. The evidence of the plaintiff and her son was to the same effect, and plaintiff also testified that she was using the brace provided by her physician up to the time of the trial. Under such circumstances, it would seem that the allowance of five hundred dollars damages for pain and suffering and present and possible future disability was fully warranted. [5] The $82.75 paid by the son as the hospital bill for his mother was a proper allowance. We may assume, in favor of the findings of the court, that this amount was paid by the son as agent of his mother. The mother was an elderly woman, and when she was ill at a hospital her son, with whom she lived, would naturally pay her bills for her. Under the holding of the cases cited herein it appears, however, that the introduction of evidence of the unpaid doctor's bill was improper under the pleadings. [6] The objection of the defendant to this evidence that it was incompetent, irrelevant, and immaterial, and did not tend to prove any issue made by the pleadings, was sufficient objection.

In the case of *McLaughlin* v. *San Francisco etc. Ry. Co.*, 113 Cal. 592, [45 Pac. 839], where a similar situation arose, the court reversed the judgment and remanded the case with leave to plaintiff to amend his complaint to include therein an allegation covering expenses incurred, as well as expenses paid. [7] This would have to be the order in the present case but for the suggestion and request of the plaintiff and respondent that if this court should decide that the allowance of the amount of the doctor's bill was erroneous, it order the plaintiff to remit that amount of the judgment. Under the circumstances, we can see no reason for sending the case back for a new trial, resulting in delay and expense, for an error, the effect of which can be corrected upon appeal so as to protect the rights of the defendant and at the same time be satisfactory to the plaintiff.

The plaintiff and respondent is, therefore, ordered to remit one hundred dollars of the judgment obtained, and when said amount has been remitted, the judgment will stand affirmed.

Nourse, J., and Brittain, J., concurred.