**214 A.2d 195.**

FLORENCE LAMA *vs.* BILTMORE FURNITURE COMPANY.

NOVEMBER 8, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

</div>

PAOLINO, J. This action of trespass for false imprisonment is before this court on the plaintiff's exception to the decision of a justice of the superior court sustaining the defendant's demurrer to the plaintiff's replication to the defendant's amended plea.

The plaintiff in the case at bar was arrested and detained, in an original action of assumpsit brought by the instant defendant, upon a writ of arrest issued from the district court of the tenth judicial district. Sometime thereafter the district court action against the instant plaintiff was discontinued, on her motion and by stipulation, defendant having received satisfaction of its claim against her in that case.

The plaintiff subsequently brought the instant action, alleging false imprisonment. The declaration alleges in substance that defendant caused her to be arrested and detained against her will and that such arrest and detention were unlawful. We shall discuss only those pleadings which are germane to the issue raised by plaintiff's exception. The defendant filed an amended plea alleging in substance that plaintiff's arrest in the original action was made by authority of a writ of arrest issued from the district court of the tenth judicial district in an action of assumpsit under G. L. 1956, §10-10-1, and that such writ was properly served upon plaintiff by a duly authorized sheriff.

After plaintiff's demurrer to the amended plea was overruled, plaintiff filed a replication to the plea, alleging in substance that the writ of arrest was void because it was issued in violation of §10-10-4, against a female in an action founded on contract. The defendant's demurrer to plaintiff's replication was sustained by the trial justice.

The following portions of the statute are relevant in this proceeding:

"10-10-1. Grounds for original writ commanding arrest.—An original writ, commanding the arrest of any person not exempt by law from arrest, may be issued from the superior court, or from any district court * * * "[1]

"10-10-4. Exemption of females from arrest on contract.—No female shall be arrested on original writ in any action founded on contract."

There is no real dispute between the parties as to what constitutes an action of false imprisonment. Indeed they both cite *Lisabelle* v. *Hubert*, 23 R. I. 456, and *Hobbs* v. *Ray*, 18 R. I. 84, as authorities for the rule that an action for false imprisonment is the proper action where the party arrested is arrested without legal process or under a void process.

The real issue here is whether on this record the writ of arrest was void on its face. The plaintiff contends that under the express language of §§10-10-1 and 10-10-4 the arrest of a female in any action founded on contract was prohibited and that therefore the writ of arrest was void on its face because it was clear therefrom that defendant in that writ (the plaintiff here) was a female. She also cites *Nelson* v. *Kellogg*, 162 Cal. 621, to support her theory.

The defendant, on the contrary, argues that §10-10-4 merely creates a personal exemption, the existence of which does not operate to render illegal and void a writ commanding the arrest of an exempt person; that such exemption

[1]Section 10-10-1 has since been amended by P. L. 1961, chap. 167, sec. 1.

must be claimed by the aggrieved party; that failure to do so constitutes a waiver of the exemption; and that since plaintiff did not claim an exemption in the original action, the writ of arrest was issued under color of a legal proceeding and was therefore legal. The defendant relies heavily on *Crandall* v. *Gavitt*, 20 R. I. 366.

In addition, defendant points to the language in §22-4-2, which prescribes exemption from process for members of the general assembly at certain times and which expressly provides that "all process served contrary hereto shall be void." It argues from this that when the legislature intended to provide that process issued against an exempt person shall be void ab initio, it expressly provided for same and that it would be unwarranted for this court to read such a provision into §10-10-4.

We are not persuaded by defendant's argument. Although we do not have the benefit of a transcript showing the ground on which the trial justice based his decision, it is reasonable to assume that he concluded that the writ was legal on its face. In any event the record shows that at the time he made his ruling it was evident from the pleadings then before him that defendant in the orginal action (the plaintiff here) was a female.

In our opinion §10-10-4 does not merely grant a personal privilege from arrest; it expressly provides that "No female *shall* be arrested on original writ in any action founded on contract." (italics ours) We hold that this language clearly shows a legislative intent to prohibit the arrest of any female in the circumstances therein prescribed, see *Nelson* v. *Kellogg*, *supra*, and that the writ of arrest in the original action commanding the arrest and detention of the plaintiff pursuant to §10-10-1 was void on its face. In this respect the case at bar is distinguishable factually from *Crandall* v. *Gavitt* and *Lisabelle* v. *Hubert*, both *supra*. In each of those cases the process was fair on its face.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Anthony Grilli, Anthony E. Grilli,* for plaintiff.

*Gerald A. Oster, Irving N. Espo,* for defendant.