[No. B080612. Second Dist., Div. One. Nov. 30, 1995.]

FRANK BURNABY, Plaintiff and Respondent, v.
STANDARD FIRE INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Haight, Brown & Bonesteel and Roy G. Weatherup for Defendant and Appellant.

Berger & Norton, Steven A. Blum, George M. Soneff and Ann Kelly for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—In *Brandt* v. *Superior Court* (1985) 37 Cal.3d 813 [210 Cal.Rptr. 211, 693 P.2d 796], our Supreme Court decided that, notwithstanding the limitations on the recovery of attorney fees imposed by

section 1021 of the Code of Civil Procedure,[1] an insured may recover his attorney fees as damages in an action alleging tortious breach of the implied covenant of good faith and fair dealing. In the case before us, the trial court extended *Brandt* to support an award of attorney fees as an item of costs incurred by an insured in responding to an insurer's unsuccessful appeal from a *Brandt*-type judgment in favor of the insured. For the reasons explained below, we suggest it is time for the Supreme Court to reexamine the rule announced in *Brandt*. But even assuming (as we must) that *Brandt* is still good law, we cannot agree with the trial court that *Brandt* permits the recovery of attorney fees on appeal.

FACTS

Frank Burnaby owned a home in the Big Rock Mesa area of Malibu. In 1983, he submitted claims to various public agencies, asserting (under oath) that the now infamous Big Rock landslide had damaged his property to the tune of $1.1 million. Later in 1983, Burnaby purchased a homeowner's insurance policy from Standard Fire Insurance Company. The application for that policy, completed and signed by Burnaby's insurance agent and not by Burnaby, stated there had been "no losses prior to the application." In 1984, Burnaby made a claim on his homeowner's policy for landslide damage to his property. Standard denied the claim.

Burnaby sued Standard for breach of contract and tortious breach of the covenant of good faith and fair dealing. At trial, Standard claimed Burnaby had misrepresented or concealed the condition of the property at the time he obtained the policy. The jury rejected Standard's defense, found in favor of Burnaby, and awarded him $235,990.86 in contractual damages, $200,000[2] in "extracontractual" damages, and $500,000 in punitive damages. On Standard's appeal, we affirmed the judgment. Remittitur issued in 1993, after which Burnaby filed in the trial court a "Memorandum of Costs (Summary) on Appeal," claiming $234,086.85 for attorney fees as costs. Standard moved to tax costs, claiming Burnaby was not entitled to any fees incurred in response to the appeal, and certainly not in the amount claimed. Burnaby responded with a declaration summarizing his calculation of the fee by explaining he had a contingent fee arrangement with his lawyer which increased the fee from one-third to one-half of Burnaby's recovery in the event of an appeal, showing hourly fees of $152,274.30 for all of the time spent handling the appeal, and reiterating his demand for $234,096.85.

The trial court awarded Burnaby $152,274.30, and Standard appeals from that order.

---

[1] All section references are to the Code of Civil Procedure.

[2] To be precise, the jury awarded him $600,000 in "extracontractual" damages but Burnaby accepted a reduction to $200,000 as a condition of the trial court's denial of Standard's motion for a new trial.

## DISCUSSION

### I.

In *Brandt* v. *Superior Court, supra*, 37 Cal.3d 813, the insured was covered under a group disability income insurance policy issued to the insured's employer. The insured became totally disabled and demanded the benefits due under the policy. The insurer refused to pay and the insured filed suit for breach of contract and breach of the covenant of good faith and fair dealing, listing as an item of damages the attorney fees he had incurred in connection with his efforts to obtain the benefits due under his insurance contract. The insurer moved to strike the claim for attorney fees and, when that motion was granted, the insured filed a petition for a writ of mandate. (*Id.* at pp. 815-816.) This is what the Supreme Court held:

First, the court noted there was a conflict about the recoverability of attorney fees in this context. One Court of Appeal (in *Mustachio* v. *Ohio Farmers Ins. Co.* (1975) 44 Cal.App.3d 358 [118 Cal.Rptr. 581])[3] had allowed recovery but another (in *Austero* v. *Washington National Ins. Co.* (1982) 132 Cal.App.3d 408 [182 Cal.Rptr. 919])[4] had not. The Supreme Court adopted the *Mustachio* view, holding that "[w]hen an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. *The attorney's fees are an economic loss— damages—proximately caused by the tort.* . . . These fees must be distinguished from recovery of attorney's fees *qua* attorney's fees, such as those attributable to the bringing of the bad faith action itself. What we consider here is attorney's fees that are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action." (*Brandt* v. *Superior Court, supra*, 37 Cal.3d at p. 817, italics added.)[5]

---

[3]In *Mustachio*, fees incurred during negotiations leading up to settlement of the insured's policy claim were allowed as an element of damages in the insured's later tort action against the insurer for breach of its duty of good faith and fair dealing. (*Mustachio* v. *Ohio Farmers Ins. Co., supra*, 44 Cal.App.3d at p. 363.)

[4]In *Austero*, a divided court rejected the reasoning of *Mustachio* and reversed an award of attorney fees, holding that in a bad faith tort action the recovery of fees incurred to obtain benefits due under the policy was precluded by section 1021. (*Austero* v. *Washington National Ins. Co., supra*, 132 Cal.App.3d at pp. 411-416.)

[5]The logic of this last statement escapes us. In *Austero*, the dissenting justice had noted that when "a pedestrian is struck by a car, he goes to a physician for treatment of his injuries, and the motorist, if liable in tort, must pay the pedestrian's medical fees. Similarly, . . . an insurance company's refusal to pay benefits has required the insured to seek the services of an attorney to obtain those benefits, and the insurer, because its conduct was tortious, should pay the insured's legal fees." (*Austero* v. *Washington National Ins. Co., supra*, 132 Cal.App.3d at

Second, the Supreme Court held that section 1021 does not preclude an award of attorney fees under these circumstances.[6] This was so, said the court, because they were not there dealing with "the measure and mode of compensation of attorneys" as covered by section 1021, but with damages wrongfully caused by the insurer's improper actions. (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at p. 817.) The court reasoned that, as in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 621 [30 Cal.Rptr. 821, 381 P.2d 645],[7] "there is no recovery of attorney's fees *qua* attorney's fees.[] This is also true in actions for false arrest and malicious prosecution, where damages may include attorney's fees incurred to obtain release from confinement or dismissal of the unjustified charges (*Nelson* v. *Kellogg* (1912) 162 Cal. 621 . . .)[8] or to defend the prior suit (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 59 . . .).[9]" (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at pp. 817-818, fn. omitted.)

p. 421 (conc. and dis. opn. of Morris, P. J.).) However true that statement may be, when the same pedestrian incurs attorney fees because he has to sue the motorist to recover for his medical fees, the pedestrian is not permitted to recover his attorney fees. Indeed, even in other tort actions more analogous to a bad faith action against an insurer than a pedestrian's action against a motorist (e.g., *Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752, 762 [206 Cal.Rptr. 354, 686 P.2d 1158], overruled in *Freeman & Mills, Inc.* v. *Belcher Oil Co.* (1995) 11 Cal.4th 85 [44 Cal.Rptr.2d 420, 900 P.2d 669]), attorney fees are not recoverable (unless, coincidentally, they were provided for in the underlying contract).

[6]As relevant, section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."

[7]In *Prentice,* the Supreme Court carved out an exception to section 1021, holding that "[a] person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." (*Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d at p. 620.)

[8]In *Nelson,* a woman's imprisonment based on a warrant issued in a civil action was illegal because, under former section 861, "[n]o female c[ould] be arrested in any action." As special damages in her false imprisonment action, the woman claimed (and recovered) attorney fees but did not prove she had actually paid the amount incurred, $150. On appeal, the defendants claimed the proof was insufficient, and the only issue before the court was whether the defendants were liable for damages incurred without proof of payment. (*Nelson* v. *Kellogg* (1912) 162 Cal. 621, 623 [123 p. 1115].) As a result, the court did not consider whether the recovery of fees was consistent with section 1021 (which was on the books at that time, having been enacted in 1872).

[9]Unfortunately, *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878] simply assumes, without discussion or citation of authority, that attorney fees are recoverable as an item of compensatory damages in a malicious prosecution action. (*Bertero* v. *National General Corp., supra,* 13 Cal.3d at p. 59 ["the measure of compensatory damages for the malicious prosecution of a civil action includes attorney fees and court costs for defending the prior action and compensation for emotional distress, mental suffering and impairment to reputation proximately caused by the initiation and prosecution of the action"].) While the assumption might be justified vis-à-vis a mali-

Third, the court made it clear that it was authorizing the recovery of only those fees incurred to obtain the policy benefits that would not have been incurred but for the insurer's tortious conduct, and *not* the fees incurred in prosecuting the tortious breach of covenant claim: "The fees recoverable, however, may not exceed the amount attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract. Fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are *not* recoverable." (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at p. 819, italics added.)

Fourth (and it is the last point and this one that are critical in our case), the court held that, "[s]*ince the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise.* . . . A stipulation for a postjudgment allocation and award by the trial court would normally be preferable since the determination then would be made after completion of the legal services . . . , and proof that otherwise would have been presented to the jury could be simplified because of the court's expertise in evaluating legal services. . . . If, however, the matter is to be presented to the jury, the court should instruct along the following lines: 'If you find (1) that the plaintiff is entitled to recover on his cause of action for breach of the implied covenant of good faith and fair dealing, and (2) that because of such breach it was reasonably necessary for the plaintiff to employ the services of an attorney to collect the benefits due under the policy, then and only then is the plaintiff entitled to an award for attorney's fees incurred to obtain the policy benefits, which award must not include attorney's fees incurred to recover any other portion of the verdict." (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at pp. 819-820, italics added.)[10]

---

cious prosecution action (where the primary purpose of the suit is to recover the fees incurred in the underlying action), we do not think the same can be said about an action against an insurer (where the primary purpose is to recover the benefits of the insurance contract and, incidentally, emotional distress and punitive damages).

[10]In a compelling dissent, our current Chief Justice suggested that section 1021 means what it says. He also rejected the notion of fees as "damages" collateral to the recovery of attorney fees, and explained that the cases relied on by the majority to justify an exception are clearly distinguishable: "Attorney fees are given in false imprisonment or malicious prosecution suits not because collateral litigation is involved, but as sanctions against the abuse of process those two torts represent. Likewise, in the third party tort exception, it is the presence of the third party, not the existence of collateral litigation, that is the important factor. It is one thing for a tortfeasor to force the victim to sue him; in such a case the victim must bear his own attorney fees. But it is quite another thing for the tortfeasor to inject the victim into litigation with another person." (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at p. 822 (dis. opn. of Lucas, J.).) The dissent also pointed out the problem inherent in treating the bad faith action as entirely separate and distinct from the contract action: "[T]his analysis appears to mistake

## II.

 For several reasons, *Brandt* does not support an award of fees in our case.

To begin with, the fees "attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract" (*Brandt* v. *Superior Court,* supra, 37 Cal.3d at p. 819) *were awarded as part of the "extracontractual" damages fixed by the jury at trial and affirmed by us on the prior appeal.* As Burnaby conceded in his respondent's brief on the first appeal, the $600,000 awarded by the jury (reduced to $200,000 by the trial court) included "attorneys' fees and emotional distress" damages. Since the special verdicts submitted to the jury (without objection by Burnaby) did not ask for an allocation of these damages, we have no way to divide the amount between fees and emotional distress damages.

As we know, however, the *most* Burnaby would have been entitled to for attorney fees would be the amount attributable to his attorneys' efforts to recover the payment due under the policy. As we also know, the jury fixed Burnaby's contract damages at about $200,000, his extracontractual damages at $600,000 and his punitive damages at $500,000. Even if we disregard the $600,000 award and consider only the reduced extracontractual amount ($200,000), it is clear that Burnaby's noncontractual recovery was about three times the amount of his contract benefits. For all we know, therefore, Burnaby has already recovered fees sufficient to cover the cost of responding to Standard's first appeal (and this appeal as well).

But there is another, more legalistic reason for rejecting the trial court's award of additional fees for the appeal. There is *nothing* in *Brandt* to suggest that attorney fees on appeal are recoverable, and certainly nothing to suggest they are recoverable as costs rather than damages. Since *Brandt* was decided in 1985, no case—including *Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co.* (1987) 189 Cal.App.3d 1072 [234 Cal.Rptr. 835], on which Burnaby relies—has extended *Brandt* to fees incurred on appeal. In *Downey,* the trial court granted the insured's motion to have the issue of attorney fees on its bad faith action tried after the jury's verdict on the other issues. Not surprisingly, therefore, the trial court then granted the carrier's motion to

---

the nature of the bad faith tort. *When an insurance company withholds payments in bad faith its actions amount to both a breach of contract and a tort, but two separate breaches of duty are not involved. The single duty breached—the covenant of good faith and fair dealing—'springs from the contractual relationship between the parties.'* (*Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 18. . . .) The plaintiff may bring suit on both contract and tort theories, but ultimately he must elect which remedy to pursue. . . . There simply is no collateral suit from which attorney fees may be recovered." (*Brandt* v. *Superior Court, supra,* 37 Cal.3d at p. 823 (dis. opn. of Lucas, J.), italics added.)

exclude evidence of the insured's costs and fees during the first phase of the case. What was surprising, however, was that the court then ruled that the insured's attorney fees were " 'not a recoverable item of damages.' " (*Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co., supra,* 189 Cal.App.3d at p. 1085.)

On appeal, the insured cited *Brandt* and claimed the trial court was mistaken. Division Three of our court agreed, concluding in a brief discussion of the issue (three short paragraphs) that "the trial court's ruling was improper. [Citations.] The matter is reversed and remanded for a determination of the attorney's fees to which [the insured] is entitled under *Brandt.*" (*Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co., supra,* 189 Cal.App.3d at p. 1086.) In our case, Burnaby ignores this specific language and turns instead to the final disposition in the opinion (stated 16 pages later after the consideration of half a dozen other issues), where the court said: "With respect to [the insured's] appeal, the judgment is reversed based on the trial court's refusal to allow [the insured] to recover, as part of its damages, costs and attorney's fees incurred in its lawsuit against [the insurer] to obtain the benefits of the fidelity bond. (*Brandt* v. *Superior Court, supra,* 37 Cal.3d 813, 819-820.) On remand, the trial court shall conduct a hearing to determine such fees. [The insured] is also entitled to attorney's fees on appeal. Although an appellate court may determine such fees, we believe the trial court on remand will be in a better position to do so." *Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co., supra,* 189 Cal.App.3d at p. 1101.)

With respect (*Downey*'s author has since joined *Brandt*'s dissenter on the Supreme Court), we don't think the dispositional paragraph in *Downey* means what it says. First, when addressing the precise issue, Division Three stated the correct disposition. Second, the cite to *Brandt* is to that portion of the opinion suggesting that a postjudgment allocation by the trial court would be preferable to a jury determination, which we view as an indication that the insured's request for a court trial on the issue of fees following the jury's verdict in the bad faith case was a waiver of whatever right the insured might otherwise have had to have a new jury determine the fee issue on remand. Third, there is nothing in *Brandt* to suggest that the Supreme Court intended that an additional item of *damages* be awarded following an insured's successful effort to repel an insurer's appeal. If *Downey* does mean what it says, we decline to follow it.[11]

We reject Burnaby's suggestion that it would be anomalous to deny him his fees on appeal because, he claims, that is the same as telling him he must

---

[11]For similar reasons, we agree with Standard that attorney fees incurred on appeal are not recoverable *as costs. Brandt* makes it clear that fees are recoverable as an item of *damages* in an action for tortious breach of the covenant of good faith and fair dealing. When fees are

represent himself or find an attorney to handle the appeal for free. This argument ignores the fact that he was not entitled to recover his attorney fees incurred for the prosecution of his tort claims in the trial court, but only those fees incurred in pursuit of the benefits due under the contract. Similarly, Burnaby's argument ignores the theory of *Brandt* (and the cases on which it relies)—that a plaintiff is entitled to be made whole for the harm he suffered by reason of the defendant's *tortious conduct* in denying benefits due under the insurance policy. The prosecution of an appeal from an adverse judgment is *not* tortious conduct.[12]

Finally, we note that attorney fees incurred on appeal are not recoverable in *any* of the situations comparable to *Brandt.* We have searched in vain for a case in which attorney fees were awarded as an item of costs (or otherwise) on appeal when they were recovered at trial *as damages* and not pursuant to statute or contract.[13] ▮ When fees are recovered at trial as an item of damages based upon the tort of another (as in *Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d at p. 620), they are *not* recoverable on appeal.[14] When fees are recovered at trial as an item of damages in a false imprisonment case (as in *Nelson* v. *Kellogg, supra,* 162 Cal. at p. 623), they

recoverable as costs, it is because a statute or contract permits their recovery as an expense incurred in the suit in which they are claimed. (See § 1033.5, subd. (a)(10); Cal. Rules of Court, rules 26, 870.)

[12]Even if the appeal is frivolous, the most that can be said is that it subjects the appellant and its attorney to sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].) It does not amount to tortious conduct.

[13]The three cases relied on by Burnaby are not inconsistent with this statement. In *Stoll* v. *Shuff* (1994) 22 Cal.App.4th 22, 24-25 [27 Cal.Rptr.2d 249], the plaintiff pursued three causes of action (breach of contract, a common count, and bad faith denial of the existence of a contract) but only a small portion of the opinion is certified for publication. Thus, although it is true that Division Two of the Fourth District granted the plaintiff's "motion for attorney fees" and remanded to the trial court for "a determination of the amount of attorney fees incurred by [the plaintiff] on appeal in defending the existence and enforceability of the . . . agreement," we do not know the legal basis for that award or whether its propriety was contested by the defendant. (*Id.* at p. 32.) In *Moe* v. *Transamerica Title Ins. Co.* (1971) 21 Cal.App.3d 289, 306-307 [98 Cal.Rptr. 547], the court's denial of a request for attorney fees on appeal cites cases involving contractual provisions for the recovery of fees (e.g., *Wilson* v. *Wilson* (1960) 54 Cal.2d 264, 272 [5 Cal.Rptr. 317, 352 P.2d 725]). Presumably, therefore, the note or deed of trust at issue in *Moe* included a provision for the recovery of attorney fees. In *Lang* v. *Klinger* (1973) 34 Cal.App.3d 987, 993 [110 Cal.Rptr. 532], attorney fees were *not* recovered below *as damages* (or at all). In reversing (and citing *Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d at p. 620), Division Four of the First District directed the trial court to award "reasonable attorney fees and expenses" incurred in the superior court and on appeal. (*Lang* v. *Klinger, supra,* 34 Cal.App.3d at p. 993.) No explanation is given and it does not appear the issue was contested.

[14]For example, assume a title company mistakenly tells you there is a cloud on the title to your house. You file a quiet title action and incur $5,000 in attorney fees, only to learn the suit was unnecessary because there was no cloud. You then sue the title company on a negligence theory, claiming your $5,000 spent for attorney fees as an item of damages. Your

are *not* recoverable on appeal.[15] When fees are recovered at trial as an item of damages in a malicious prosecution action (as in *Bertero* v. *National General Corp.*, *supra*, 13 Cal.3d at p. 59), they are *not* recoverable on appeal.[16] And aside from the slip of the pen in *Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co.*, *supra*, 189 Cal.App.3d at page 1101, when fees are recovered at trial as an item of damages in an action for the tortious breach of the implied covenant of good faith and fair dealing (as in *Brandt*), they are *not* recoverable on appeal.[17]

For these reasons, the order denying Standard's motion to tax costs must be reversed. Burnaby is not entitled to recover from Standard the attorney fees incurred in responding to Standard's appeal from the judgment.

### III.

In other countries, attorney fees are recovered as a matter of course and nonrecovery is the exception, not the rule. In California, we follow the "American rule," which means everybody pays their own fees unless they agree otherwise or are entitled to claim the benefit of a statutory or judicially created exception. (*Fleischmann Distilling Corp.* v. *Maier Brewing Co.* (1967) 386 U.S. 714, 717-718 [18 L.Ed.2d 475, 87 S.Ct. 1404]; § 1021.) Whatever merit there may be to the criticisms regularly heaped upon the American rule (see, e.g., Symposium, Attorney Fee Shifting (1984) 47 Law & Contemp. Probs. 1), the decision to change that rule is the Legislature's, not the courts'. For that reason, we agree with Chief Justice Lucas's dissent

---

attorney charges you another $10,000 for prosecuting the action against the title company. You win. You do *not* recover $15,000 for attorney fees. Your judgment includes only the $5,000 as damages incurred in the unnecessary quiet title action. And when the title company appeals, without success, you do *not* get to recover the fees you incurred in responding to that appeal.

[15]For example, assume you are falsely imprisoned and must hire a lawyer to obtain your release and dismissal of the charges. The lawyer charges you $5,000 for those services. You then sue the parties responsible for your false imprisonment, and your lawyer charges you another $10,000 to prosecute that action. You win. You do *not* recover $15,000 for attorney fees. Your judgment includes only the $5,000 as damages incurred to obtain your release and dismissal of the charges. And when the parties who caused your false imprisonment appeal, without success, you do *not* get to recover the fees you incurred in responding to that appeal.

[16]For example, assume you are wrongfully sued for defamation and must hire a lawyer to defend you in that action. Your lawyer charges you $5,000 for the defense of the defamation action and you win. You then sue the party who sued you for defamation, seeking damages for malicious prosecution, and your lawyer charges you another $10,000 to prosecute that action. You win. You do *not* recover $15,000 for attorney fees. Your judgment includes only the $5,000 as damages incurred to defend the defamation action. And when the party who sued you for defamation (and was then sued by you for malicious prosecution) appeals, without success, you do *not* get to recover the fees you incurred in responding to that appeal.

[17]Assume the facts of this case. You do *not* get to recover the fees you incurred in responding to Standard's appeal.

in *Brandt* v. *Superior Court*, *supra*, 37 Cal.3d at page 821, that courts ought to move cautiously in extending the nonstatutory bases on which awards of attorney fees may be predicated. For the same reasons, we suggest it is time for the Supreme Court to reconsider and reject the exception it adopted in *Brandt*. Although there may be situations in which the courts have properly exercised their inherent equitable power to award attorney fees, we do not think this is such a case.

## DISPOSITION

The order awarding attorney fees is reversed and the matter is remanded to the trial court with directions to enter a new order granting Standard's motion to tax costs and denying Burnaby's application for attorney fees. The parties are to pay their own costs of this appeal.

Ortega, J., concurred.

**SPENCER, P. J.**—I concur in the opinion. However, I disagree with the majority's suggestion that the Supreme Court reconsider *Brandt*; in my view, *Brandt* was correctly decided. In light of the duty of good faith and fair dealing owed by an insurer to its insured (*Brandt* v. *Superior Court* (1985) 37 Cal.3d 813, 817 [210 Cal.Rptr. 211, 693 P.2d 796]) and the virtual certainty an insured whose insurer breaches that duty by failing to pay amounts due under the policy will have to retain an attorney and engage in litigation in order to recover the amounts due, it is reasonable to require the insurer to pay attorney fees as damages proximately caused by the breach (*ibid.*).

A petition for a rehearing was denied December 19, 1995, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied February 29, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should granted.