**MOSTEN MANAGEMENT COMPANY, INC.; Real Estate Operations, Inc., Plaintiffs—Appellees/Cross–Appellants,**

v.

**ZURICH–AMERICAN INSURANCE GROUP, Defendant—Appellant/Cross–Appellee.**

Nos. 00–15406, 00–15510.

D.C. No. CV–89–03475–CW/PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.*

Decided April 24, 2003.

Before WALLACE, KOZINSKI and PAEZ, Circuit Judges.

## ORDER

Plaintiff—Appellee Mosten Management Company, Inc.'s petition for rehearing is GRANTED. The disposition filed June 20, 2002 is withdrawn. A new memorandum disposition has been filed simultaneously with this order.

## MEMORANDUM**

Zurich–American Insurance Group ("Zurich") appeals the district court's orders

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

awarding attorney's fees and expenses to Mosten Management, Inc. ("Mosten") pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796, 798 (1985) and *White v. Western Title Ins.*, 40 Cal.3d 870, 221 Cal.Rptr. 509, 710 P.2d 309 (1985). Zurich also argues that the district court erred when it failed to apportion attorney's fees. On cross-appeal, Mosten argues that the district court erred by refusing to award *Brandt* fees for defending the underlying judgment on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We review for abuse of discretion the district court's award of *Brandt* fees, *see Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1200 (9th Cir.2002), and we affirm the award of fees and expenses related to the pre-trial, trial and post-trial motions work. We review for abuse of discretion the district court's decision whether to apportion fees, *see Marsu B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir.1999). We review *de novo* the denial of fees for the attorney's work on appeal, and we reverse the district court's denial of appellate fees.

## I.

■ The implied covenant of good faith and fair dealing prohibits a party from injuring the other party's right to receive benefits under the contract. *PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 84 Cal.Rptr.2d 455, 975 P.2d 652, 655 (1999). When, as in this case, an insurer refuses "to settle a claim against its insured within policy limits when[ ] there is a substantial likelihood of a recovery in excess of those limits," *Johansen v. Cal. State Auto. Ass'n Inter–Ins. Bureau*, 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744,

747 (1975), the insurer has breached the implied covenant of good faith and fair dealing. An insurer's breach of this covenant for its unreasonable refusal to settle sounds in *both* tort and contract. *Id.* at 750. As the district court noted in its April 10, 1996 order,

> [t]he essence of the breach of the implied covenant in the instant case is conduct by the insurer which prevents the insured from obtaining its contract benefits, and the essence of the remedy sought is recovery of these contract benefits ... Mosten's claim in this action is that the court should not permit Zurich to defeat the contract by its breach of the implied covenant of good faith and fair dealing, and is thus primarily a contract claim.

When an insured has demonstrated a breach of the implied covenant of good faith and fair dealing, the insurer is responsible for fees related to "retain[ing] an attorney to obtain the benefits due under a policy," because such fees "are an economic loss—damages—proximately caused by the tort." *Brandt*, 210 Cal.Rptr. 211, 693 P.2d at 798. Because Mosten's claim for breach of the implied covenant of good faith and fair dealing was essentially a contract claim to recover its policy benefits, Mosten is entitled to the fees incurred for its attorneys' pre-trial, trial, and post-trial work.

Although *Brandt* fees are not available solely on a claim for the tortious breach of the implied covenant of good faith and fair dealing, *see Burnaby v. Standard Fire Ins. Co.*, 40 Cal.App.4th 787, 47 Cal. Rptr.2d 326, 329 (1995), Mosten's claim for breach of the implied covenant is inextricably intertwined with its claim to obtain the contract benefits due under the policy.[1]

---

**1.** We therefore respectfully disagree with the dissent's characterization of Mosten's claim

as suing only "for breach of that covenant, and not for the benefits that covenant pro-

Thus, the fees awarded for pre-trial, trial, and post-trial work on the claim do "not exceed the amount attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract," and are therefore recoverable. *Brandt,* 210 Cal.Rptr. 211, 693 P.2d at 800.

## II.

■ We also affirm the district court's ruling not to apportion the attorney's fees award between recoverable litigation fees incurred to obtain policy benefits and fees related to the bad faith claim that are not recoverable under *Brandt.* Courts are not required to apportion attorney's fees when those fees are "incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 158 Cal.Rptr. 1, 599 P.2d 83, 86 (1979). Here, the same issue generated Mosten's tortious bad faith claims and its contract damages claims – the denial of Mosten's insurance policy benefits. Because Mosten recovered only its policy benefits under the contract, efforts which are compensable under *Brandt,* and the district court determined that the fees were incurred to obtain policy benefits and not for extra-contractual damages, the district court did not abuse its discretion in declining to apportion fees. *See Pacific–Southern Mortgage Trust Co. v. Ins. Co. of N. Am.,* 166 Cal.App.3d 703, 212 Cal.Rptr. 754, 762 (1985) (affirming a *Brandt* attorney's fee award because "the record does not show the attorney's fees were awarded for any other purpose" than to reimburse the plaintiff for "efforts to obtain the payments withheld in bad faith").

Thus, in Appeal No. 00–15406, we affirm the district court's award of *Brandt* fees to Mosten.

## III.

■ Finally, we reverse the district court's order denying Mosten's claim for attorney's fees incurred defending Zurich's first appeal challenging the district court's ruling on summary judgment. *See Mosten Mgmt. Co., Inc. v. Zurich–American Ins. Group,* 152 F.3d 927 (9th Cir.1998) (table) (*Mosten I*). The California Supreme Court has not addressed whether *Brandt* fees are recoverable on appeal, and there appears to be a conflict in the California appellate case law. Therefore, we must "predict how the highest court would decide the issue using intermediate appellate court decisions ... as guidance." *NLRB v. Calkins,* 187 F.3d 1080, 1089 (9th Cir. 1999) (*quoting Arizona Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir.1995)); *see also Andrade v. City of Phoenix,* 692 F.2d 557, 559 (9th Cir.1982) ("In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decisions of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.") (internal quotation marks omitted).

We are persuaded that if the California Supreme Court were to address the issue, it would adopt the approach followed by the State Courts of Appeal in *Downey Sav. & Loan Ass'n v. Ohio Cas. Ins. Co.,* 189 Cal.App.3d 1072, 234 Cal.Rptr. 835, 852 (1987) and *Track Mortgage Group, Inc. v. Crusader Ins. Co.,* 98 Cal.App.4th 857, 120 Cal.Rptr.2d 228, 238 (2002). In *Downey*

---

tects." Rather, as in *Brandt,* the "insurance company's refusal to pay benefits has required the insured to seek the services of an attorney to obtain those benefits, and the in-

surer, because its conduct was tortious, should pay the insured's legal fees." *Brandt,* 210 Cal.Rptr. 211, 693 P.2d at 799 (internal citation omitted).

*Savings* and *Track Mortgage,* the court recognized that *Brandt* fees can be awarded on appeal and in both cases remanded to the trial court to determine the amount of fees to be awarded. *Downey Sav.,* 234 Cal.Rptr. at 852; *Track Mortgage,* 120 Cal. Rptr.2d at 238. Although there are at least two cases from the State Courts of Appeal denying *Brandt* fees on appeal, *see Burnaby v. Standard Fire Ins. Co.,* 40 Cal.App.4th 787, 47 Cal.Rptr.2d 326 (1996) and *Shade Foods, Inc. v. Innovative Prods. & Sales & Mktg., Inc.,* 78 Cal. App.4th 847, 93 Cal.Rptr.2d 364, 407 n. 17 (2000), we are persuaded that under the circumstances of the present case, the logical extension of the State Supreme Court's holding in *Brandt* includes the recovery of fees on appeal. Under *Brandt,* fees that are necessary to obtain benefits due under a policy are recoverable; Mosten could not obtain its benefits until Zurich had exhausted its right to appeal the merits judgment in *Mosten I. See Brandt,* 210 Cal. Rptr. 211, 693 P.2d at 800.

Zurich's "tortious conduct reasonably compel[led] [Mosten] to retain an attorney to obtain the benefits due under [its] policy[.]" *Id.* at 798. Mosten required attorney representation through the appeal because Mosten could only obtain its benefits after successfully defending the judgment on appeal. Because the attorney's appellate work was directed towards obtaining only the benefits due under the policy, an award of appellate fees is consistent with *Brandt*'s requirement that "[t]he fees recoverable ... may not exceed the amount attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract." *Id.* at 800. In Appeal No. 00–15510, we therefore reverse the district court's denial of fees on appeal and remand for further proceedings consistent with this disposition.

Appeal No. 00–15406 AFFIRMED

Appeal No. 00–15510 REVERSED and REMANDED

KOZINSKI, Circuit Judge, dissenting.

In *Brandt v. Superior Court,* 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985), the California Supreme Court created a narrow exception to the general rule that parties to a lawsuit bear their own attorney's fees. It provided that an insured can recover attorney's fees expended in an action to recover policy *benefits* an insurer denied in bad faith. *Id.* at 798. But, while bad faith is a prerequisite for *Brandt* fees, the court made clear that fees were not available for "bringing ... the bad faith action itself." *Id.; see also Burnaby v. Standard Fire Ins. Co.,* 40 Cal.App.4th 787, 47 Cal.Rptr.2d 326, 329 (1995) (noting that *Brandt* didn't authorize "fees incurred in prosecuting the tortious breach of covenant claim"). Only actions to recover policy benefits—not to prove the insurer's bad faith in denying them—qualify for fees.

Here, Mosten simply claims Zurich breached the implied covenant of good faith and fair dealing; neither the majority nor the district court suggests otherwise. But the implied covenant is a contractual duty, *not* a contractual benefit (like, say, indemnification). The good faith obligation is simply a *means* for securing the contractual *ends. See Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 97 Cal.Rptr.2d 151, 2 P.3d 1, 8 (2000) (explaining that the covenant prevents either party from doing " 'anything which will injure the right of the other to receive *the benefits of the agreement' "* (quoting *Comunale v. Traders & Gen. Ins. Co.,* 50 Cal.2d 654, 328 P.2d 198, 200 (1958)) (emphasis added)); *id.* (noting the covenant "mak[es] effective the agreement's promises" (internal quotation marks omitted)). As such, the covenant is not itself a policy *benefit* for purposes of *Brandt;* in breach, parties don't sue to obtain the "benefits" of

the implied covenant (though they might sue—as Mosten did–for damages). Because Mosten sued for breach of that covenant, and not for the benefits that covenant protects, it cannot rely on *Brandt* to collect attorney's fees for its suit.[1]

Because Mosten can't satisfy the *Brandt* requirements for its trial fees, I would also find it can't satisfy those same requirements for its fees on appeal. I respectfully dissent.

---

1. The majority relies on *Johansen v. California State Automobile Ass'n Inter–Insurance Bureau,* 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744 (Cal.1975), which *preceded Brandt,* to suggest that suits alleging breach of the implied warranty of good faith fall within the ambit of *Brandt*'s rule. But, as explained above, *Brandt* suggested just the opposite; indeed, *Brandt* itself involved claims for breach of contract and breach of the covenant of good faith and fair dealing, yet drew an ex-

plicit line between those fees "incurred in connection with the contract cause of action," and those for proving bad faith.

