**C. Delores TUCKER; William Tucker, Plaintiffs—Appellants,**

v.

**David KENNER; Geoffrey Thomas, Defendants—Appellees,**

**C. Delores Tucker; William Tucker, Plaintiffs—Appellants,**

v.

**Interscope Records; Death Row Records, Inc., a California corporation; Charles B. Ortner; Paul, Hastings, Janofsky & Walker, LLP, a limited liability partnership, Defendants—Appellees.**

Nos. 02–56963, 02–56968.

D.C. Nos. CV–99–06129–RMT, CV–99–03679–RMT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Jan. 14, 2004.

Richard C. Angino, Angino & Rovner, Harrisburg, PA, John W. Howard, Law Offices of John H. Howard, San Diego, CA, for Plaintiffs–Appellants.

Steven A. Marenberg, Irell & Manella LLP, Los Angeles, CA, Michael Blaha, Santa Monica, CA, for Defendants–Appellees.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

C. DeLores Tucker and William Tucker, her husband, appeal from the district court's entry of summary judgment in favor of the Defendants–Appellees on the Tuckers' claims for malicious prosecution and loss of consortium, and from the magistrate judge's grant of a protective order to them on the grounds of attorney-client privilege and attorney work product. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the decision of the district court.

By failing to object in the district court to the magistrate judge's discovery ruling, the Tuckers forfeited any appellate review of that ruling. *See* Fed.R.Civ.P. 72(a); *United States v. Abonce–Barrera,* 257 F.3d 959, 967 (9th Cir.2001).

In granting summary judgment in favor of the Defendants–Appellees, the district court found that the Tuckers did not meet their burden under *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), of demonstrating a genuine issue of material fact on the requisite element of damages. Insufficient evidence of damages was the only basis for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary judgment;[1] Mr. Tucker's loss of consortium claim was dependent upon the survival of his wife's claim for damages.

Under California law, a plaintiff claiming malicious prosecution may recover compensatory damages, including out-of-pocket expenses for attorney's fees and costs, as well as damages for emotional distress and reputational harm proximately caused by the defendants' initiation and prosecution of unwarranted judicial proceedings. *See Bertero v. Nat'l Gen. Corp.*, 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608, 620 (1974); *Sagonowsky v. More*, 64 Cal. App.4th 122, 75 Cal.Rptr.2d 118, 123 (1998).

In disposing of the cases, the district court stated that the plaintiffs "ha[d] not proffered evidence to support a showing of mental distress or reputational harm." This conclusion is incorrect. Plaintiffs' Response to Defendants' Statement of Uncontroverted Facts and Conclusions of Law[2] clearly raised the issue of emotional distress in the context of damages, and cited to the depositions of Mr. and Mrs. Tucker. Although the specific references to the deposition testimony were not the most relevant that could have been provided, in the full text of the deposition–which had been provided to the district court–Mrs. Tucker did in fact state repeatedly that the stress from the underlying litigation had caused her significant emotional distress, which in turn had caused or exacerbated medical problems. For example, in her deposition, Mrs. Tucker was asked if she contended that any of the times she consulted physicians or had health problems were attributable to the lawsuit in any respect, and she responded, "Yes, they are."[3] She also stated that the physical symptoms of which she complained "started with that lawsuit, that lawsuit, it started there, and this music."

That the Opposition to the Motion for Summary Judgment only mentioned attor-

---

1. Because the district court denied as moot defendants' other motions for summary judgment based on lack of favorable termination, the existence of probable cause and lack of malice, and the doctrine of unclean hands, we do not address those other possible bases for denial of summary judgment.

2. This document is usually called a "Statement of Genuine Issues," and in the Central District of California, it is a mandatory filing that must be considered by the district court when making its decision on a motion for summary judgment. *See* C.D. Cal. L.R. 56–2, 56–3.

3. The full exchange follows:

   Q Dr. Tucker, let me try to see if I can cut through some of this and speed up the whole process and get us closer to the end in one big jump as opposed to going through each of these questions. And the reason I'm going to do that is that we asked for medical records that have a bearing on the lawsuit and we got a big stack of things, including reports of your visits to the doc-

   tors in the year 2000, the year 2001. And I might have to go through them individually to find out the answers to my questions but let me see if I can cut through it all and cut right to the chase. Do you contend that any of the times you consulted physicians or had health problems from the time that you were in the hospital over the new millennium through the present date are attributable to the lawsuit in any respect?
   A Yes, they are.
   Q Well, then, we will have to go through them. You went to consult with Dr. DeLisser in April of 2000. How did—what precipitated that visit related to the lawsuit?
   A What has been building up over these past years leading to that date.
   Q In other words—
   A I didn't do all this before.
   Q You didn't do all this—
   A It just started after this suit, after your suit, the suit that was filed. It started then after that first suit was filed. Destroying my character, my reputation, going door to door, city to city trying to tell everybody who I was, trying to start a new record business, that's what started it.

ney fees when discussing damages is unfortunate, but not fatal to the Tuckers' claim. *See* Fed.R.Civ.P. 56(c) (providing that courts should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether to grant a motion for summary judgment).

█ Moreover, the district court appears to have required the Tuckers to present evidence that they had paid any of their attorneys in the underlying litigation. Yet California does not require proof that plaintiffs in malicious prosecution actions have actually paid attorney fees and costs for the underlying litigation, merely that they have incurred those debts. *See, e.g., Nelson v. Kellogg,* 162 Cal. 621, 123 P. 1115, 1115–16 (1912) ("[T]he rule established in this state and elsewhere in actions for damages for tortious injuries is that the recovery may include special damages properly pleaded, *consisting of a liability incurred, but not paid,* for reasonable and necessary expenses caused by a wrongful act complained of, such as the fees of an attorney employed to obtain a discharge from an illegal arrest … and the like.") (emphasis added); *accord Burnaby v. Standard Fire Ins. Co.,* 40 Cal. App.4th 787, 47 Cal.Rptr.2d 326, 328–29 (1995).

Additionally, the emphasis laid by the Defendants–Appellees on the "out-of-pocket" language appearing in most of the cases discussing damages in malicious prosecution actions is misplaced, when viewed in the full context of those opinions. Nowhere do these cases state that plaintiffs may only recover out of pocket losses if they have actually paid those fees and costs. Rather, the term "out of pocket" appears to mark a distinction between debts that the plaintiffs have incurred and for which they are directly liable, and consequential damages of the allegedly wrongful action, such as emotional distress, "business losses; general harm to reputation; social standing and credit; mental and bodily harm; and exemplary damages where malice is shown." *Allard v. Church of Scientology,* 58 Cal.App.3d 439, 129 Cal.Rptr. 797, 804 (1976) (internal editing and citation omitted). *See also Crowley v. Katleman,* 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083, 1095 (1994) (distinguishing between statutory compensation solely for "out-of-pocket litigation costs, including attorney fees, that directly result from the objectionable conduct;" and compensable damages in malicious prosecution actions, which include both direct and consequential harms); *Saganowsky,* 75 Cal.Rptr.2d at 123 (noting that compensable damages include "out of pocket loss in the form of attorney fees and costs, *as well as* emotional distress and injury") (emphasis added). As a result, any debts the Tuckers owe to their attorneys—for expenses, if not for fees—are sufficient grounds for damages in their malicious prosecution suit.

█ It appears that the only record of expenses associated with the underlying litigation the Tuckers produced was the extensive billing record from the Patton Boggs firm. The accompanying cover letter stated that the billing record included time records, expense records, and a sheet indicating the hourly rate of the attorneys and legal assistants who worked on the matter. The district court stated that the Tuckers "produced 58 pages of billing records from Patton Boggs LLP," but based its grants of summary judgment on the fact that the "legal services rendered on behalf of Plaintiffs in the Underlying Litigation were provided *pro bono.*" The court did not discuss, however, the non-fee expenses that were included in the law firm's billing record, which constitute evi-

dence of out of pocket costs and are compensable in a malicious prosecution action.

For these reasons, we reverse the dismissal for lack of proof of damages, and remand for reconsideration of the other motions for summary judgment.

**REVERSED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.