**Susan McGREGOR, Plaintiff–Appellee,**

v.

**PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation, Defendant–Appellant.**

**Nos. 02–16817, 02–17115.**

United States Court of Appeals, Ninth Circuit.

Filed May 25, 2004.

Daniel U. Smith, Kentfield, CA, Alice J. Wolfson, Bourhis & Wolfson, San Francisco, CA, for Plaintiff–Appellee.

Deanna L. Johnston, Seyfarth Shaw, San Francisco, CA, for Defendant–Appellant.

Francis J. Torrence, Seyfarth Shaw, San Francisco, CA, for Plaintiff–Appellee/Defendant–Appellant.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

### ORDER

In an earlier unpublished disposition, we affirmed a jury verdict in favor of Susan McGregor on claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See McGregor v. Paul Revere Life Ins. Co.,* 92 Fed.Appx. 412 (9th Cir.2004). McGregor now moves to recover the attorneys' fees she incurred on this appeal. McGregor's motion raises three issues. We must first decide whether the rule announced in *Brandt v. Superior Court,* 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985), includes fees on appeal. If it does, we must then decide whether McGregor may recover fees tied to the jury's future benefits award. Finally, we also decide the amount of fees McGregor is entitled to recover. We conclude that the *Brandt* rule does extend to fees incurred on appeal but that McGregor has waived any claim to fees tied to the future benefits award, and fix the amount of the award accordingly.

### I.

The California Supreme Court held in *Brandt* that attorneys' fees reasonably incurred to compel payment of insurance

policy benefits are recoverable as an element of tort damages if the insured proves breach of the covenant of good faith and fair dealing. 210 Cal.Rptr. 211, 693 P.2d at 797. The Supreme Court did not address whether a *Brandt* award can include fees incurred in defending against an insurer's appeal, and the California intermediate appellate courts have reached conflicting results. *Compare Track Mortgage Group, Inc. v. Crusader Ins. Co.,* 98 Cal.App.4th 857, 120 Cal.Rptr.2d 228, 238 (2002) (allowing recovery of appellate fees), *and Downey Sav. & Loan Ass'n v. Ohio Cas. Ins. Co.,* 189 Cal.App.3d 1072, 234 Cal.Rptr. 835, 852 (1987) (same), *with Shade Foods, Inc. v. Innovative Prods. & Sales & Mktg., Inc.,* 78 Cal.App.4th 847, 93 Cal.Rptr.2d 364, 407 n. 17 (2000) (not allowing recovery of appellate fees); *Burnaby v. Standard Fire Ins. Co.,* 40 Cal.App.4th 787, 47 Cal. Rptr.2d 326 (1995) (same). In this situation, we "must predict how the highest state court would decide the issue using intermediate appellate court decisions ... as guidance." *NLRB v. Calkins,* 187 F.3d 1080, 1089 (9th Cir.1999) (internal quotation marks omitted).

■ We are convinced that if the California Supreme Court were to address this issue, it would hold that *Brandt* fees are recoverable for fees incurred in defending against an insurer's appeal. Under *Brandt*, fees necessary to obtain benefits due under a policy are recoverable if the insured proves bad faith. 210 Cal.Rptr. 211, 693 P.2d at 798. In this case, McGregor proved bad faith to the jury, but could not obtain the benefits due her until she had successfully defended the jury's verdict against Paul Revere's appeal. Because the fees McGregor incurred on appeal were necessary to obtaining her policy benefits, the logic of *Brandt* necessarily implies that they should be recoverable. *See id.*

The leading California appellate court case to the contrary is unpersuasive. *See Burnaby,* 47 Cal.Rptr.2d at 330–32. It relies primarily on *Brandt's* silence to conclude that appellate fees are not recoverable, even though the California Supreme Court's reasoning in *Brandt* supports the opposite conclusion. *Id.* at 330, 331. *Burnaby* also states that appellate fees should not be available because an insurer's prosecution of an appeal is not itself tortious conduct. *Id.* at 331. This argument is inconsistent with *Brandt: Brandt* held that attorneys' fees incurred at the trial court level may be recovered when policy benefits have been tortiously withheld; on appeal, the relevant tortious conduct at issue is still the same wrongful denial of benefits, not the act of prosecuting an appeal, as *Burnaby* suggests.

## II.

The jury awarded McGregor past benefits on her breach of contract claim and future benefits as tort damages on her bad faith claim. *See Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 149 n. 7 (1979) (future damages may be awarded on tort claim for breach of the implied covenant of good faith and fair dealing); *see also Pistorius v. Prudential Ins. Co. of America,* 123 Cal.App.3d 541, 176 Cal.Rptr. 660 (1981) (same). McGregor now seeks to recover as attorneys' fees ten percent of both the past and future damage awards; according to McGregor's motion, the ten percent rate corresponds to the additional contingency fee McGregor agreed to pay for her attorneys' appellate work.

■ Paul Revere argues that attorneys' fees tied to the future benefits award are not recoverable under *Brandt* because they are fees incurred in connection with the tort claim for bad faith. *See Brandt,* 210 Cal.Rptr. 211, 693 P.2d at 798 (explain-

ing that "attorneys' fees *qua* attorneys' fees, such as those attributable to the ... bad faith action itself[,]" are not recoverable); *see also id.* at 799 (distinguishing fees incurred in the "policy action," which are recoverable, from those incurred "in the tort action," which are not). The district court decided this issue in Paul Revere's favor, and McGregor did not appeal that ruling. We do not reach the issue ourselves because McGregor's failure to appeal it waived any challenge to the district court's ruling. *See* Fed. R.App. P. 4 (timely appeal must· be filed within thirty days of challenged ruling or final judgment). As a result, McGregor may not recover attorneys' fees tied to the jury's future benefits award.

### III.

McGregor's appellate attorneys worked on a contingency basis and are owed ten percent of McGregor's award. McGregor was awarded $118,864 in past policy benefits. Paul Revere does not challenge ten percent of that amount, $11,886, as an unreasonably high fee. Moreover, although *Brandt* permits the recovery of attorneys' fees as an element of tort damages, it expressly precludes the recovery of "attorney's fees *qua* attorney's fees." *Brandt*, 210 Cal.Rptr. 211, 693 P.2d at 798. Thus, *Brandt* does not support an upward adjustment of the amount of fees actually incurred.

### IV.

In sum, we hold that McGregor is entitled to recover her attorneys' fees reasonably incurred on this appeal, but that the amount awarded may not include fees for defending on appeal the award of future benefits. Accordingly, McGregor shall recover of Paul Revere the sum of $11,886 as reasonable attorneys' fees incurred on appeal to recover her past policy benefits.

**SO ORDERED.**