NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED HOLABIRD, | No. 19-15982 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-00262-HDM-CBC |
| v. | |
| DONALD KAGIN; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted August 11, 2020**
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,***
District Judge.

Donald Kagin (hereinafter "Kagin") appeals from the district court's order

affirming the recommendation of the magistrate judge that Kagin breached the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Settlement Agreement of the parties which resulted in an award of damages in the amount of $499,210.10 and attorneys' fees in the amount of $101,005.00.

Fred Holabird (hereinafter "Holabird") previously owned Holabird Western Americana Collections, LLC, a Nevada limited liability company (hereinafter "HWAC"). HWAC purchased, sold and auctioned numismatics and other types of collectibles known as Americana. Holabird is recognized as a leading authority in the field. In September of 2006, Kagin approached Holabird with a business opportunity, wherein the parties would purchase and combine efforts for the sale of rare coins, tokens and similar items. They formed Holabird Kagin Americana, Inc. (hereinafter "HKA"). Holabird became an employee and ran the business out of the former HWAC office in Reno, Nevada. Approximately eight years later, Kagin terminated Holabird. Kagin took the inventory, and HKA went out of business. Holabird filed suit against Kagin in May 2014.[1] After several years of litigation, the case settled. The settlement was placed on the record and a written Settlement Agreement was executed on February 3, 2017. Within the year, Kagin breached the agreement.

---

[1] Somewhere during this time period, it is alleged that Kagin overvalued material sent to HWAC and supplied material that was owned by a Dr. Gavin Awerbuch, Kagin, and Kagin's father, with the intent to try and deceive Holabird as to the amount and value of the material being supplied. Dr. Awerbuch is a convicted felon. Dr. Awerbuch collected rare coins and the government was confiscating them when possible due to his alleged Medicare fraud and large amounts of opioid prescriptions. Kagin had sold Dr. Awerbuch over $7,000,000.00 in rare coins.

19-15982

We "review de novo the district court's interpretation of state contract law." *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (citing *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949 (9th Cir. 2006)). The construction and enforcement of settlement agreements are governed by the law of the forum state. *United Commercial Ins. Serv. Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citation omitted). The Settlement Agreement in this case provides that it "shall be governed by and construed in accordance with the laws of the State of Nevada." Under Nevada law, "[a] settlement agreement is a contract governed by general principles of contract law." *Power Co. v. Henry*, 321 P.3d 858, 863 (2014) (citation omitted).

1.     Kagin contends the district court inappropriately awarded lost profits and that the magistrate judge should have used the average-fee formula. At an evidentiary hearing before the magistrate judge, Holabird's expert Brook Maylath offered three possible scenarios for choosing the amount of lost profits. Kagin did not offer up an expert regarding Holabird's damages. The magistrate judge determined that the expert's methodology was sound and not speculative. The magistrate judge chose the lowest calculation offered by Holabird's expert.

It is clear that Holabird was entitled to damages from lost profits as a result of the breach. As to the measure or extent of damages, the Ninth Circuit has stated: "Once the fact of loss is thus proven, courts will not quibble over the numbers

involved, but will use a lenient approach to measurement of those damages." *Kissell Co. v. Gressley*, 591 F.2d 47, 50 (9th Cir. 1979); *see also Gen. Elec. Supply Co. v. Mt. Wheeler Power, Inc.*, 587 P.2d 1312, 1313 (1976) (quoting *Fireman's Fund Ins. v. Shawcross*, 442 P.2d 907, 912 (1968)) ("The rule barring recovery of uncertain lost profits is directed against 'uncertainty as to the existence of [profits] rather than as to measure or extent.'").

Further, Kagin made no argument regarding the testimony of Holabird's expert in this regard, and likewise he did not mention his proposed consignment rate in his Proposed Findings of Facts and Conclusions of Law. The failure to object to expert testimony at trial generally results in a waiver of the objection on appeal. *See Wilson v. Lopez*, 682 Fed. App'x. 579, 580 (9th Cir. 2017). Again, it is clear from the evidence presented that Kagin breached the Settlement Agreement. Further, the magistrate judge and district court made a reasonable calculation for determining the amount of lost profits. Accordingly, we affirm the district court's damages award.

2.      Kagin argues that Holabird is not entitled to attorneys' fees under the Settlement Agreement. The indemnity provision limits the right to attorneys' fees to those "resulting from or arising out of any breach of any of the representations or warranties made by them in this Agreement." Kagin argues that the word "representation" is intended to limit the right to attorneys' fees. Holabird, however, disagrees, arguing that "representations" refers to any breach of any and all

representations in the Settlement Agreement. The district court correctly determined that Holabird was entitled to attorney's fees, given all the breaches committed by Kagin, and that the word "representation" would not be construed so narrowly under the Settlement Agreement.

In addition, this Court will remand to the district court for a determination of the fees incurred on this appeal. *See e.g.*, ([t]he Nevada Supreme Court has acknowledged that attorney fees award made pursuant to contract includes fees incurred on appeal. *In re Estate & Living Trust of Miller*, 216 P.3d 239, 243 (Nev. 2009); *Mann v. Morgan Stanley Smith Barney, LLC*, 215CV00217GMNPAL, 2016 WL 1254242, at *2 (D. Nev. Mar. 28, 2016) ("the fees McGregor incurred on appeal were necessary to obtaining her policy benefits, the logic of Brandt necessarily implies that they should be recoverable.") *McGregor v. Paul Revere Life Ins. Co.*, 369 F.3d 1099, 1101 (9th Cir. 2004); *Gamble v. Northstore Partnership*, 28 P.3d 286, 290 (Ala. S.Ct. 2001) ("The general rule in other jurisdictions is that contractual provisions providing for the allowance of attorney's fees to the winning party are construed to include fees incurred both at the trial level and on appeal.").

We **AFFIRM** the district court's award of damages in the amount of $499,210.10 and attorneys' fees in the amount of $101,005.00. We **REMAND** the case to the district court for a determination of fees payable to Holabird on appeal.

19-15982